1   Mark V. Boennighausen/Bar No. 142147
    mboennighausen@thoits.com
2   Dinah Ortiz/Bar No. 273556
    dortiz@thoits.com
3   Melissa Zonne/Bar No. 301581
    mzonne@thoits.com
4   **THOITS LAW**
    A Professional Corporation
5   400 Main Street, Suite 205
    Los Altos, California 94022
6   Telephone:  (650) 327-4200
    Facsimile:  (650) 325-5572
7
    Attorneys for Non-Party
8   Three Bell Capital

9                    **UNITED STATES DISTRICT COURT**

10                 **NORTHERN DISTRICT OF CALIFORNIA**

11                        **SAN JOSE DIVISION**

12

13

14   **In Re: Three Bell Capital Document**          Case No.
     **Subpoena**
15                                                   **NON-PARTY THREE BELL CAPITAL'S**
     Served in related cases:                        **NOTICE OF MOTION AND MOTION TO**
16                                                   **QUASH HASELECT-MEDICAL**
     *In re Infinity Capital Management, Inc., U.S.* **RECEIVABLES LITIGATION FINANCE**
17   *Bankruptcy Court, District of Nevada Case*     **FUND INTERNATIONAL SP'S**
     *No. 21-14486-abl*                              **SUBPOENA TO PRODUCE DOCUMENTS**
18
     *and adversary proceeding*
19
     *HASelect-Medical Receivables Litigation*
20   *Finance Fund International SP v.*
     *Tecumseh-Infinity Medical Receivables*
21   *Fund, LP, Adv. Proc. No. 21-01167-abl*

22

23

24

25

26

27

28

*(left margin, vertical)* **THOITS LAW** A PROFESSIONAL CORPORATION

## <u>NOTICE OF MOTION AND MOTION TO QUASH</u>

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

      **PLEASE TAKE NOTICE** that on _____, 2023, or as soon thereafter as this matter may be heard in the above-entitled court, located at 280 South 1st Street, San Jose, CA 95113, non-party Three Bell Capital will, and hereby does, move the Court for an order quashing the Subpoena to Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Bankruptcy Case (Or Adversary Proceeding) served upon it by HASelect-Medical Receivables Litigation Finance Fund International SP in *HASelect-Medical Receivables Litigation Finance Fund International SP v. Tecumseh-Infinity Medical Receivables Fund, LP*, Case No. 21-01167-abl pending in the United States Bankruptcy Court, District of Nevada (the "Subpoena").

      This motion is made  pursuant to Federal Rule of Civil Procedure 45 and 26 on the grounds that the subpoena is invalid because it is overbroad, seeks disclosure of confidential and proprietary information, and imposes an undue burden on an unrelated nonparty with no colorable interest in the underlying proceeding, while the subpoenaing party failed to diligently pursue these records from the party in the proceeding.  The motion also seeks an order prohibiting any further efforts by HASelect to seek discovery from Three Bell.

      This motion is based upon this Notice of Motion, the Memorandum of Points and Authorities, the Declarations of Mark Boennighausen, Melissa Zonne, and Jonathan Porter in Support thereof, filed concurrently; the files and records in this case; and any argument advanced at the hearing on this motion.

                             Respectfully submitted,

Dated:  December 21, 2022             **THOITS LAW**

                        By:   */s/ Mark V. Boennighausen*
                             Mark V. Boennighausen
                             Dinah Ortiz
                             Melissa Zonne
                             **Attorneys for Non-Party Three Bell Capital**

**THOITS LAW**
A PROFESIONAL CORPORATION

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.    INTRODUCTION**

3
4
5
6
7
8
9
10
11

As established by the Ninth Circuit "the word 'non-party' serves as a constant reminder of the reasons for the limitations that characterize 'third-party' discovery." *Dart Indus. Co. v. Westwood Chem. Co*., 649F.2d 646, 649 (9th Cir.1980) (citations omitted). Thus, a court determining the propriety of a subpoena balances the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena. See *Heat & Control, Inc. v. Hester Indus., Inc*., 785 F.2d 1017, 1022 (1986 Fed. Cir.); see also *Laxalt v. McClatchy*, 116 F.R.D., 455, 458 (Nev. 1986) ("The rule is thus well established that nonparties to litigation enjoy greater protection from discovery than normal parties.")

12
13
14
15
16
17
18

Here, moving party Three Bell Capital ("Three Bell") is a local investment advisory company whose communications with its clients about current and potential investments are confidential and proprietary.  (Declaration of Jon Porter ("Porter Decl."), ¶¶ 3, 7.) Given its business, it operates in a heavily-regulated environment which polices the confidentiality of its communications with its clients concerning investment advice. (*Id.*, ¶ 8.) Three Bell is also a small company with no dedicated information technology or legal department. (*Id.*, ¶ 11.)

19
20
21
22
23
24
25
26
27

In correspondence in January 2022, counsel for HedgeAct, a Chicago-based alternative investment fund and  HASelect-Medical Receivables Litigation Finance Fund International SP ("HASelect"), the plaintiff in the adversary proceeding which is believed to be controlled by and affiliated with HedgeAct, threatened to sue Three Bell, apparently for doing its job: providing its opinion to its clients. (Declaration of Melissa K. Zonne ("Zonne Decl."), ¶ 3.) In the correspondence, counsel told Three Bell to expect discovery from a Nevada bankruptcy proceeding in which Three Bell had no interest, but where it appears HASelect is litigating against a competitor, Tecumseh, over who has priority over security interest in the bankrupt estate of a third-company. (*Id.*)

28

In response to HASelect's threats, and to deal with discovery document subpoenas

**THOITS LAW**
A PROFESIONAL CORPORATION

1

issued by HASelect's bankruptcy counsel out of Nevada, Three Bell retained counsel and responded to HASelect's litigation threat. (*Id.*, ¶ 3-6.) At that time, Three Bell's counsel informed the Nevada bankruptcy counsel it had no basis to seek unfettered wide ranging discovery regarding Three Bell's communications with third-parties under Rule 45, and that any relevant discovery should instead be sought from the parties in the case. (*Id.*, ¶ 7, Ex. D.)

After stating its position in March 2022, Three Bell heard nothing. (*Id.*, ¶ 8.) Then in late November, without contacting Three Bell's counsel, HASelect sought to serve a new document subpoena essentially seeking the same communications and also seeking the deposition of a Three Bell employee about wide-ranging topics concerning its communications involving investment advice it may or may not have given its clients. (*Id.*, ¶ 9.)

Despite service being improper, counsel for Three Bell contacted HASelect's counsel and reiterated that there was no basis to conduct non-party discovery against an investment advisory firm that has nothing to do with the narrow bankruptcy issue being litigated. (*Id.*, ¶ 10-11, Ex. E.) Remarkably, HASelect's counsel stated one reason he was seeking the discovery against Three Bell was because the actual party HASelect was litigating against, Tecumseh, objected to producing the same documents. (*Id.*, ¶ 13.) He also said there was not enough time before the trial date to move to compel the information, and later indicated that his client did not want to go to the expense of bringing a motion against the adversary defendant. (*Id.;* Declaration of Mark V. Boennighausen ("Boennighausen Decl."), ¶ 10, Ex. C.) Thus, it was instead seeking them from Three Bell.

After Three Bell informed HASelect's counsel it would bring this motion to quash and seek sanctions, HASelect agreed to withdraw its deposition subpoena and limit the subpoena for documents to those documents concerning two entities. (Boennighausen Decl., ¶ 13-14.) Nonetheless, even limited to these two entities, the requests seek all communications over a two-year period place a burden on Three Bell untied to any relevance to any articulable claim, especially in light of HASelect declining to pursue similar discovery from Tecumseh. Plainly, the better option for HASelect is to seek the information it

supposedly needs from the parties, including its adversary Tecumseh, instead of burdening Three Bell.

In light of the burden on non-party Three Bell, the confidential and proprietary nature of its communications regarding investment advice, and the cost and expense of seeking tangential documents available from parties to the litigation, the subpoena at issue here should be quashed.  Finally, in light of the record in this matter, Three Bell also seeks an order barring any further attempt to secure discovery from it. Further, given the record in this matter, Three Bell seeks sanctions against HASelect and its Nevada counsel pursuant to Rule 45(d)(1) for imposing an undue expense on it for this matter.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Three Bell is a local investment advisory firm located in Los Altos, California. (Porter Decl., ¶ 3.) It has less than 20 full time employees, and its executives, such a CEO Jon Porter, are actively engaged in client relations as well as management of the firm. (*Id.,* ¶¶ 3-4.)

Three Bell generally does not invest its own capital in any investment but instead advises clients with regard to their investments and receives fees for providing advice. (*Id.,* ¶¶ 5-6.) Three Bell considers its advice confidential to its clients as well as all inquiries it makes regarding potential investments on behalf of its clients. (*Id.,* ¶ 7.) Three Bell has no contractual relationship with, is not a creditor, and has made no claim against any party involved in the bankruptcy proceeding in Nevada. (*Id.,* ¶¶ 10, 26.)

In January 2022, Three Bell received a hysterical threatening letter from Chicago counsel for HASelect apparently based on concerns about advice it might be providing its clients concerning any investments they might have in a HedgeAct fund. (Zonne Decl., ¶ 3.) Bizarrely, this letter threatened to report a Three Bell executive to the state bar of Texas regarding communications Three Bell's Chief Operating Officer, Greg Fomin was allegedly making on behalf of its clients with HedgeAct and/or HASelect. (Porter Decl., ¶ 11, Ex. A.) This letter also provided two subpoenas from a Nevada bankruptcy proceeding, apparently to serve as a threat to deter Three Bell from providing advice to its clients about HASelect or

THOITS LAW
A PROFESIONAL CORPORATION

3

other investment fund. (*Id.*)

On January 20, 2022, counsel for Three Bell responded to the letter from Chicago counsel, pointing out the absurdity of the allegations in the letter as well as the impropriety of using Rule 45 discovery on a non-party for improper purposes. (Zonne Decl., ¶ 4.) Three Bell also objected to the document subpoenas through a letter of the same date. (*Id.*, ¶ 5.) In that letter, Three Bell pointed out that under case law pursuant to Rule 45, HASelect bore the burden of: (1) establishing that the information it purported to seek from Three Bell was necessary to the litigation of the bankruptcy adversary proceeding, and that (2) even if necessary, that it could not obtain the information from the actual parties to the litigation. (*Id.*, ¶ 5, Ex. B.)

On February 18, 2022, Nevada counsel for HASelect provided a response in which it claimed the large amount of documents it sought through the two subpoenas were somehow related to some type of collateral equitable defense asserted by defendant Tecumseh, without any citation to an operative pleading in the case. (*Id.*, ¶ 6, Ex. C.)

On March 3, 2022, counsel for Three Bell responded to the February 18, 2022 letter in which it again asserted this was plainly harassing conduct, but agreed to meet and confer further if HASelect's counsel would provide the operative pleadings and information regarding discovery it had undertaken against the actual parties in the bankruptcy adversary proceedings which it now claimed required non-party discovery in California.

Counsel for Three Bell never received the operative pleading or any response to its March 3, 2022 letter.  It therefore considered the matter dropped. (*Id.*, ¶ 7, Ex. D.) HASelect did not respond. (*Id.*)

Then, in late November 2022, without contacting counsel for Three Bell, HASelect attempted to serve new subpoenas on Three Bell, including a deposition subpoena.  (*Id.*, ¶ 9.) This effort included depositing the subpoena on Mr. Porter's doorstep when he was not home and then claiming this was proper service. (*Id.*)

Despite having no obligation to respond to the improperly served subpoenas, counsel for Three Bell sent a letter, dated December 7, 2022 to HASelect's Nevada counsel

4

THOITS LAW
A PROFESIONAL CORPORATION

1   explaining the improper service and again reiterating that there was no basis to seek

2   discovery from Three Bell in light of the limited issues in the Nevada bankruptcy action and

3   the ability to get any necessary information from the parties. (*Id.*, ¶ 11.)

4       On December 8, 2022 counsel for HASelect responded, and the parties met-and-

5   conferred via telephone on December 14, 2022, during which counsel stated that his client

6   had already sought the information from Tecumseh in the adversary action, but that

7   Tecumseh had objected and refused to produce it, and he did not believe Tecumseh would

8   comply with a court order issued by the Nevada Court. (*Id.*, ¶ 13.) He also noted that he had

9   not sought to compel the information from Tecumseh in the proceeding, and now could not

10  do so as he did not have time before the trial date. (*Id.*, 13.) Counsel also indicated in later

11  correspondence that the costs associated with such motion practice against Tecumseh were a

12  factor for its decision to instead pursue this information from nonparties. (Boennighausen

13  Decl., ¶ 10, Ex. C.) In the course of counsel's discussions, counsel HASelect also provided

14  its opposition to a motion brought by defendant Tecumseh for partial summary judgment as

15  well as a single e-mail dated July 11, 2020, which is not a communication involving anybody

16  at Three Bell, and of course misstates the realities of Three Bell's involvement as an

17  investment adviser. (See, *Id.*, Ex. F.) ]

18      As stated, Three Bell did not invest its money in HedgeAct or HASelect, as it is its

19  client's money that it invests. (Porter Decl., ¶¶ 5-6.) And it is its clients who enter into

20  contractual agreements with any fund. (*Id.*, ¶ 10.) Three Bell offers advice; thus, there is

21  nothing nefarious about Three Bell exploring potential options with any investment fund

22  concerning advice it might give its clients.  During meet and confer, HASelect counsel

23  provided any Opposition to a summary judgment motion brought by Tecumseh.  In it, there

24  is a single line in the 37-page Opposition provide by counsel that references Three Bell and

25  alleged communications with Tecumseh, relating to a *possibility* that Three Bell clients might

26  invest in Tecumseh. While still unclear as to the legal theory, the Opposition makes clear that

27  it is the conduct of Tecumseh that is at issue. Thus, whatever Tecumseh did or did not do

28  related to its collateral in the debtor in the bankruptcy action should be discovered through

5

THOITS LAW
A PROFESIONAL CORPORATION

1   documents and deposition testimony of Tecumseh.  Nothing supports the notion that Three
2   Bell should be dragged into this dispute regarding confidential advice it may or may not have
3   given its clients.

4           As part of its due diligence process prior to bringing this motion, counsel for Three
5   Bell has communicated with counsel for bankruptcy adversary defendant Tecumseh.
6   (Boennighausen Decl., ¶ 5.) During two conversations, counsel for Tecumseh said it was
7   perplexed about any relevance that communications between Three Bell and Tecumseh could
8   have to the narrow bankruptcy issue being litigated in Nevada, which involves competing
9   security interest claims in the debtor property. (*Id.*, ¶ 6.) From those conversations, counsel
10  for Three Bell confirmed that Tecumseh refused to produce in the adversary proceeding
11  documents HASelect is seeking from Three Bell and that, to date, HASelect has never sought
12  to bring a motion to compel the production of such documents. (*Id.*) Further, Three Bell
13  confirmed that HASelect has not taken the deposition of any Tecumseh employee in that
14  action to inquire about the information it purportedly is seeking from Three Bell. (*Id.*)

15          On December 16, 2022, counsel for Three Bell confirmed the content of her meet and
16  confer conversation through an e-mail and again reiterated that there was no basis to seek
17  discovery. (*Id.*, ¶ 9.) Counsel also confirmed that the previous service was ineffective.
18  (Zonne Decl., ¶ 11.)

19          In response, counsel for HASelect issued two new subpoenas with a January 4, 2022
20  response date and then attempted service on Three Bell as harassing Mr. Porter's wife and
21  ten-year old daughter. (Porter Decl., ¶ 22.)

22          As a result, on December 16, 2022, counsel for Three Bell informed HASelect and its
23  counsel that it would be bringing this motion and seeking sanctions against HASelect and its
24  counsel. (Boennighausen Decl., ¶ 9.)

25          After being informed that Three Bell would bring this motion and seek sanctions,
26  HASelect stated it would drop the deposition subpoena and seek only documents from two
27  entities involved in the bankruptcy. In correspondence as recent as December 21, anticipating
28  the filing of this motion, counsel for HASelect has offered to further limit the scope; yet, as

THOITS LAW
A PROFESIONAL CORPORATION

1  discussed in more detail in the below discussion regarding sanctions, counsel has failed to

2  define the relevance of the remaining documents sought, and failed to address the continued

3  burden on Three Bell in locating two years' worth of documents. (Boennighausen Decl., ¶

4  15.) Further, counsel's offers to continue to limit the subpoena only with the looming threat

5  of this motion and sanctions is itself evidence of the impropriety of the subpoenas, especially

6  in light of failure to pursue the previously issued subpoenas from January 2022.

7  **III.   <u>ARGUMENT</u>**

8     **A.   <u>This Is The Appropriate Court To Hear This Motion</u>**

9        Nonparties seeking to quash or modify a subpoena must file in the district where

10 compliance is required. Fed. R. Civ. P. 45(d)(3)(A).  The purpose of resolving subpoena-

11 related motions in nonparties' home district "is to protect them from the burden of

12 challenging a subpoena in a remote location[.]" *Dr. Muhammad Mirza, et al. v. YELP, INC.*,

13 No. 21-MC-80077-TSH, 2021 WL 2939922, at *3 (N.D. Cal. July 13, 2021) (considering a

14 motion to transfer subpoena-related issues) (citation omitted); *Raap v. Brier & Thorn, Inc.,*

15 No. 17-MC-3001, 2017 WL 2462823, at *3 (C.D. Ill. July 7, 2017) ("The purpose of

16 protecting nonparties is defeated if a party could demand compliance in a location more than

17 100 miles from where the nonparty resides, is employed, or regularly transacts business in

18 person and still require the nonparty to adjudicate a dispute over that subpoena in a distant

19 forum").

20        Here, moving party Three Bell is located in located in Los Altos, California and thus

21 this motion is appropriately brought in this district.

22     **B.   <u>HASelect's Document Subpoena Should Be Quashed Because It Is
       Overbroad, Seeks Disclosure of Confidential Proprietary Information
23       and Imposes An Undue Burden On Three Bell, A Non-Party With No
       Colorable Interest In the Bankruptcy Proceedings.</u>**

24

25        The court for the district where compliance is required must quash or modify a

26 subpoena upon a timely motion if the subpoena:

27        (i) fails to allow a reasonable time to comply;

28

7

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv).

Further, the Federal Rules specifically require parties to avoid creating undue burdens on third parties via subpoenas. Federal Rule of Civil Procedure 45(c)(1) says "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." "This rule imposes obligations on both attorneys and courts; attorneys must obey their duty under the rule, and courts must enforce it." *Mount Hope Church v. Bash Back!,* 705 F.3d 418, 425 (9th Cir. 2012). "In determining whether a subpoena poses an undue burden, courts weigh the burden to the subpoenaed party against the value of the information to the serving party. Generally, this requires consideration of relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *In re Subpoena of DJO, LLC*, 295 F.R.D. 494, 497 (S.D. Cal. 2014) (internal citations and quotations omitted).

Third party subpoenas under Rule 45 are also subject to the limitations of Rule 26 which requires the court to limit discovery otherwise allowed if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]" Courts routinely disallow discovery from third parties where the same discovery is easily obtained from a party. *Glass Egg Digital Media v. Gameloft, Inc*., No. 17-cv-04165-MMC-RMI, 2019 WL 4166780, at *5 (N.D. Cal. Sept. 3, 2019); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant.").

THOITS LAW
A PROFESIONAL CORPORATION

8

THOITS LAW
A PROFESIONAL CORPORATION

Here, all of these factors exist such that the Court should quash the subpoenas and issue a protective order that HASelect and its counsel are prohibited from harassing and imposing discovery burdens on nonparty Three Bell.

Initially, the document and deposition subpoenas are overbroad on their face, making them impossible to comply with as framed. The document subpoena requests 19 separate categories of documents using the broadly defined term "relating" to expand each request even beyond the stated scope. The document subpoena is untied to time, nor does it describe the documents sought with any reasonable particularity.  Finally, the requests certainly invade confidential proprietary communications with Three Bell clients.

Further, even if these requests were narrowly-tailored and sought relevant, unprotected information, the burden imposed on Three Bell is improper given their scope. (See *Moon v. SCP Pool Corp*., 232 F.R.D. 633 (CD 2005) (quashing subpoena served on non-party.) While HASelect has offered to narrow the number of requests in recent conversations, the information sought still relates to two years' of communications for which Three Bell would have to hire a third-party vendor to properly locate and prepare for production. (Porter Decl., ¶ 13.)

Additionally, HASelect and its counsel have been unable to articulate how these broad document requests are tied to any issue in the bankruptcy case and cannot be gathered from the parties involved in the case without burdening Three Bell. In fact, the only reason given for failing to pursue this information from the other party, Tecumseh, was related to the burden on HASelect. Indeed, counsel indicated that a motion to compel would be too time-consuming and costly for HASelect to pursue, if it even had the time to do so given its trial date. (*See* Zonne Decl., ¶ 13; Boennighausen Decl., ¶ 10.) Thus, it has chosen to shift this burden onto a nonparty with no involvement in the underlying proceeding.

The deposition subpoena[1] issued to Three Bell seeks to cover almost any communication with its client and apparently proprietary investment decisions and

---

[1] Counsel for HASelect has indicated that it has withdrawn the deposition subpoena in light of the parties' discussions and notice of this pending Motion. Three Bell still includes information

MPA ISO THREE BELL CAPITAL'S MOTION TO QUASH HASELECT-MEDICAL'S SUBPOENA

discussions over 20 ridiculously expansive topics.  Even more troubling, HASelect seeks to

depose Three Bell without first seeking a deposition from its adversary in the bankruptcy

case. Thus, it has not yet establish, and likely cannot establish, that Three Bell has

information that cannot be gathered from any other source. See *Amini Innovation Corp. v.*

*McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 412 (C.D. Cal. 2014) (quashing

competitor's deposition subpoena, finding that the litigant failed to establish testimony is

essential, and that the burden on witness (including preparation time) in complying with the

subpoena would be too great.).  HASelect's counsel last minute admission withdrawing the

deposition subpoena only reinforces why the Court should also issue a protective order

prohibiting any further attempts at discovery directed against Three Bell.

### C.   HASelect And Its Counsel Should Be Sanctioned For Their Conduct In This Matter.

HASelect and its counsel should be sanctioned for their improper use of discovery,

forcing Three Bell to bring this Motion. Rule 45 protects parties from undue burdens and

expenses associated with improper subpoenas. *See* Rule 45(d)(1). In fact, the Court *must*

enforce the duty of the issuing party to take reasonable steps to avoid imposing improper

burden and expense and impose appropriate sanctions on a party or attorney who fails to

comply. *Id.*

Here, it is clear by the course of conduct from counsel for HASelect that the issuing

party has entirely disregarded its duty to avoid imposing such a burden on nonparty Three

Bell. As set forth in detail in this Motion, when HASelect and its counsel improperly served

new subpoenas upon a Three Bell officer at home during the holidays, there was little regard

for the potential burden imposed. Indeed, counsel already had corresponded extensively with

Three Bell's counsel-of-record eight months prior, and could have simply continued those

meet-and-confer efforts. That was the time to offer a limited scope and withdraw the

improper deposition subpoena – not later only once counsel threatened to bring this motion

_____

regarding the improper scope of the subpoena to indicate to the Court the undue burden and
expense HASelect seeks to impose against a nonparty.

THOITS LAW
A PROFESIONAL CORPORATION

1  with sanctions.

2        In fact, the offer to limit the scope of the document subpoena in the eleventh hour is

3  in itself proof of the impropriety of HASelect's (and its attorney's) conduct. Counsel for

4  HASelect readily admitted that the information sought (and now offered to be withdrawn) is

5  in possession of party Tecumseh, but simply too burdensome or inconvenient to pursue

6  through party discovery and a motion to compel. Counsel claims that the remaining

7  information sought is relevant, but cannot articulate how any information only in Three

8  Bell's possession (and apparently related to communications with other unrelated third

9  parties) could be relevant to Tecumseh's counterclaim, when HASelect has not even yet

10  deposed Tecumseh. Further, the "limited" information now sought still includes two years of

11  Three Bell's communications, which would inherently impose an undue burden on a small

12  company without IT support and no relation to the underlying proceeding.

13        Thus, Three Bell is entitled to monetary sanctions for this discovery abuse, and the

14  expense it has gone to in order to defend itself against this improper harassment. Three Bell

15  seeks all fees and costs associated with this Motion, as well as with the communications its

16  counsel has undertaken to repeatedly explain Three Bell's position, both at the beginning of

17  this year, and again when HASelect reissued subpoenas in November 2022. Three Bell also

18  seeks a protective order to ensure it is no longer subject to future abuses.

19  **IV.    <u>CONCLUSION</u>**

20        Based on the foregoing, Three Bell seeks an order quashing the Subpoena to Produce

21  Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Bankruptcy

22  Case (Or Adversary Proceeding) served upon it by HASelect in Case No. 21-01167-abl

23  pending in the United States Bankruptcy Court, District of Nevada, a protective order

24  prohibiting HASelect from imposing future burdens and expenses on Three Bell via improper

25  nonparty discovery, and monetary sanctions against both HASelect and its counsel under

26  Rule 45.

27  / / /

28  / / /

THOITS LAW
A PROFESIONAL CORPORATION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

Dated:  December 21, 2022          **THOITS LAW**


By:     */s/ Mark V. Boennighausen*

Mark V. Boennighausen
Dinah Ortiz
Melissa Zonne
**Attorneys for Non-Party
Three Bell Capital**

MPA ISO THREE BELL CAPITAL'S MOTION TO QUASH HASELECT-MEDICAL'S SUBPOENA