Mark V. Boennighausen/Bar No. 142147
mboennighausen@thoits.com
Dinah Ortiz/Bar No. 273556
dortiz@thoits.com
Melissa Zonne/Bar No. 301581
mzonne@thoits.com
**THOITS LAW**
A Professional Corporation
400 Main Street, Suite 205
Los Altos, California 94022
Telephone: (650) 327-4200
Facsimile: (650) 325-5572

Attorneys for Non-Party
Three Bell Capital

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| **In Re: Three Bell Capital Subpoenas**<br><br>Served in related cases:<br><br>*In re Infinity Capital Management, Inc., U.S. Bankruptcy Court, District of Nevada Case No. 21-14486-abl*<br><br>*and adversary proceeding*<br><br>*HASelect-Medical Receivables Litigation Finance Fund International SP v. Tecumseh-Infinity Medical Receivables Fund, LP, Adv. Proc. No. 21-01167-abl* | Case No.<br><br>**DECLARATION OF MARK V. BOENNIGHAUSEN IN SUPPORT OF NON-PARTY THREE BELL CAPITAL'S NOTICE OF MOTION AND MOTION TO QUASH AND/OR ENTER A PROTECTIVE ORDER** |

I, Mark V. Boennighausen, declare:

1. I am over eighteen years of age and am competent to testify about the matters set forth herein.

2. I am an attorney at Thoits Law, counsel for Non-Party Three Bell Capital ("Three Bell") in this matter. I have personal knowledge of the following facts due to my direct personal involvement in them.

3. I have been involved in this matter with my colleague Melissa Zonne since January 2022.

4. In December 2022, counsel for HASelect-Medical Receivables Litigation Finance Fund International SP ("HASelect") began attempting discovery against Three Bell again by serving new subpoenas seeking deposition testimony and documents I reached out to counsel for bankruptcy adversary defendant Tecumseh-Infinity Medical Receivables Fund, LP ("Tecumseh") about the status of the adversary proceeding and any relevance of the documents being sought in the subpoenas issued against Three Bell.

5. I engaged in both email communication and phone conversations with Gerald Gordon and Jared Sechrist of the firm of Garman Turner Gordon, Nevada counsel for Tecumseh.

6. During those discussions, counsel for Tecumseh were perplexed as to why HASelect was seeking discovery against Three Bell. They did not contradict my analysis that there seemed little relevance to any Three Bell communications to the bankruptcy proceeding which concerned competing security interests in the Debtor's estate.

7. In fact, they informed me that HASelect had served discovery on Tecumseh seeking communications involving Three Bell, that Tecumseh had objected and that HASelect had not moved to compel. Attached as Exhibit "A" are responses to HASelect's document requests and Tecumseh's objection with regard to Requests 37, 38 and 39 where HASelect sought that information.

8. Counsel for Tecumseh also informed me that HASelect had yet to take any depositions of any Tecumseh-affiliated witness.

9. On December 16, 2022, following up on a communication from Ms. Zonne, I informed Mr. Larsen that Three Bell would be moving to quash any subpoenas he had issued to secure documents and testimony from Three Bell, as well as seeking sanctions for his clients and his conduct with regard to this matter. Attached as Exhibit "B" is a true and correct copy of that e-mail.

10. On December 19, 2022, Mr. Larsen responded to Ms. Zonne's earlier e-mail again justifying his client and his conduct in this matter, explaining in part that he was not seeking this information from Tecumseh because: "I am aware of no rule or case law that requires that HASelect engage in costly and time-consuming motion practice against Tecumseh to avoid issuing discovery on third parties such as Three Bell Capital." Attached as Exhibit "C" is a true and correct copy of that e-mail.

11. I responded to Mr. Larsen's e-mail explaining again that his failure to move against Tecumseh, a party in the litigation because of expense to his client, was no grounds to impose an expense on non-party Three Bell. Attached as Exhibit "D" is a true and correct copy of that e-mail.

12. On December 20, 2022, Mr. Larsen responded to my e-mail offering for the first time to withdraw the deposition subpoena and all documents requests except for "your client's communications with FTM and Infinity." Attached as Exhibit "E" is a true and correct copy of that e-mail.

13. In response, shortly after receiving Mr. Larsen's email, I requested clarity of the exact scope of these requests in light of the blatantly overbroad nature of the requests in the subpoena while noting that they were still burdensome and lacked any apparent relevance to any claim in the case. Attached as Exhibit "F" is a true and correct copy of this e-mail.

14. On the evening of December 20, 2022, I exchanged e-mails with Mr. Larsen where he confirmed under threat of this motion and the request for sanctions that he was withdrawing the deposition subpoena against Three Bell. He also stated his client was limiting the document subpoena to searching two years' worth of e-mail that Three Bell may have had with non-parties. In response to this e-mail, I confirmed the withdrawal of the

3
DECLARATION OF MARK V. BOENNIGHAUSEN

deposition subpoena and asserted again that I did not see why Three Bell should be burdened with this discovery request when his client had not pursued this discovery with the adverse party Tecumseh. I again noted that the supposed relevance is related to a Tecumseh counterclaim in the bankruptcy proceeding, and a subpoena to a nonparty is especially improper in light of HASelect's failure to pursue a motion to compel for communications with Three Bell from Tecumseh or depose any Tecumseh witness.  I also asked whether HASelect would pay the cost of searching for these communications given the burden it would pose on Three Bell.  Attached as Exhibit "G" is a true and correct copy of this e-mail exchange.

15. As recently as December 21, 2022, with notice of this pending motion, counsel for HASelect has indicated further willingness to limit the scope of the remaining subpoena, yet has still failed to explain the relevance of the information still sought, or to address the ongoing burden the collection of these documents, which still constitute two years' worth of records, would impose on a nonparty.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and that this declaration was executed on December 21, 2022 in Los Altos, California.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Mark V. Boennighausen
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Mark V. Boennighausen