Mark V. Boennighausen/Bar No. 142147
mboennighausen@thoits.com
Dinah Ortiz/Bar No. 273556
dortiz@thoits.com
Melissa Zonne/Bar No. 301581
mzonne@thoits.com
**THOITS LAW**
A Professional Corporation
400 Main Street, Suite 205
Los Altos, California 94022
Telephone: (650) 327-4200
Facsimile: (650) 325-5572

Attorneys for Non-Party
Three Bell Capital

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| **In Re: Three Bell Capital Subpoenas**<br><br>Served in related cases:<br><br>*In re Infinity Capital Management, Inc.,* U.S. Bankruptcy Court, District of Nevada Case No. 21-14486-abl<br><br>and adversary proceeding<br><br>*HASelect-Medical Receivables Litigation Finance Fund International SP v. Tecumseh-Infinity Medical Receivables Fund, LP,* Adv. Proc. No. 21-01167-abl | Case No.<br><br>**DECLARATION OF MELISSA ZONNE IN SUPPORT OF NON-PARTY THREE BELL CAPITAL'S NOTICE OF MOTION AND MOTION TO QUASH AND/OR ENTER A PROTECTIVE ORDER** |

DECLARATION OF MELISSA K. ZONNE

I, Melissa K. Zonne, declare:

1. I am over eighteen years of age and am competent to testify about the matters set forth herein.

2. I am an attorney at Thoits Law, counsel for Non-Party Three Bell Capital in this matter. I have personal knowledge of the following facts due to my direct personal involvement in them.

3. In January 2022, I was assigned to respond to a letter written by Chicago counsel for entities HedgeAct and HASelect-Medical Receivables Litigation Finance Fund International SP ("HASelect"), the plaintiff in the adversary proceeding, which appeared to threaten litigation against Three Bell Capital and asserted that discovery would be forthcoming in connection with a Nevada bankruptcy proceeding.

4. In response to this letter threatening litigation, I wrote a letter dated January 20, 2022 wherein, among other things, I asked for specific examples of conduct by Three Bell which was potentially actionable and also state that it was an improper use of Rule 45 discovery to seek information from a non-party collateral to any issue in dispute in a federal proceeding. Attached as Exhibit "A" is a true and correct copy of that letter.

5. On January 20, 2022 I also sent a letter to Bart Larsen at the Nevada law firm of Shea and Larsen objecting to the subpoena he had issued as counsel involved in the Nevada bankruptcy proceeding. As stated in my letter providing objections, the two subpoenas sought broad categories of documents related to client work Three Bell had undertaken and was unlimited in time and scope. The subpoenas were directed against Three Bell and Three Bell's CEO Jonathan Porter as an individual. Attached as Exhibit "B" is a true and correct copy of my letter to Mr. Larsen.

6. On February 18, 2022, I received a response from Mr. Larsen which contained vague allegations but failed to explain how the vast amount of documents sought from a nonparty financial advisory firm and Mr. Porter personally had any relevance to the bankruptcy proceeding, especially in light of the failure to conduct discovery against the parties involved in the litigation. Attached as Exhibit "C" is a true and correct copy of the

1. February 18th letter from Mr. Larsen.

2. 7. On March 3, 2022, I responded to Mr. Larsen, explaining that his prior correspondence confirmed Three Bell's suspicion that this discovery was simply harassment against Mr. Porter and Three Bell consistent with the previous threat and communication from HASelect's Chicago counsel. In that letter I asked for further justification for the broad discovery sought from non-party Three Bell, particularly in light of the burden and cost associated with responding. Attached as Exhibit "D" is a true and correct copy of this letter.

8. I never received any response to my March 3, 2022 letter.

9. In early December 2022, I received copies of a deposition subpoena and document subpoena directed to Three Bell which had been deposited on Mr. Porter's personal residence in late November, and had been issued by Mr. Larsen out of the Nevada bankruptcy proceeding. There was both a deposition subpoena and a document subpoena directed toward Three Bell. Given my prior correspondence with Mr. Larsen I was surprised he had not contacted me prior to serving these documents, or continued our meet-and-confer over the prior document subpoenas.

10. My review of these subpoenas indicated that, similar to the ones served in January 2022, they contained broad categories of documents requested and purported deposition topics. The information sought by these subpoenas is unlimited in time and the subpoenas use a very broad definition of "relating" as well as other broadly defined terms.

11. I determined that the subpoenas had not been served properly, but out of professional courtesy wrote Mr. Larsen and again objected to his client seeking discovery from non-party Three Bell on a collateral issue that appears to be far from any issue being litigated in the bankruptcy case. Attached as Exhibit "E" is a true and correct copy of my December 7, 2022 letter to Mr. Larsen explaining the service of the subpoena was improper and explaining again that it is inappropriate to subject Three Bell to discovery in the Nevada bankruptcy proceeding under Rule 45.

12. Mr. Larsen responded to my letter with an e-mail dated December 8, 2022 and suggested we have a telephonic conversation.

13. On December 14, 2022 I had a telephonic meet and confer with Mr. Larsen to discuss the discovery his client wishes to conduct against Three Bell. During that conversation he admitted that he was pursuing this information via non-party subpoenas because his client had sought similar discovery against party Tecumseh, but that Tecumseh had objected to the discovery, failed to produce the documents sought, and now there was not enough time prior to the trial date to bring a motion to compel against Tecumseh. He stated that he doubted Tecumseh would comply with a Court order even if he did obtain one. He also attempted to explain the potential relevance of Three Bell's communications with other entities as related to some type of "equitable claim" in the bankruptcy proceeding. He did not explain if this equitable claim was being pursued by party Tecumseh why his client could not seek the evidence it needed to defeat this claim through discovery against the actual party to the bankruptcy proceedings.

14. After that call we engaged in e-mail correspondence regarding the service issue and why Three Bell continued to believe it was inappropriate to conduct discovery against it. Attached as Exhibit "F" is the relevant e-mail correspondence between us, both prior to my telephonic conversation and after.

15. Subsequent to these communications my colleague Mark Boennighausen engaged in further communications with Mr. Larsen about his and his client's relentless quest to seek non-party discovery against Three Bell. Those communications, including Mr. Boennighausen's communications with Mr. Larsen's opposing counsel in the bankruptcy proceeding, are discussed in Mr. Boennighausen's declaration which also accompanies Three Bell's Motion to Quash.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and that this declaration was executed on December 21, 2022 in Los Angeles, California.

                                                                          */s/ Melissa K. Zonne*
                                                                           Melissa K. Zonne