Mark V. Boennighausen/Bar No. 142147
mboennighausen@thoits.com
Dinah Ortiz/Bar No. 273556
dortiz@thoits.com
Melissa Zonne/Bar No. 301581
mzonne@thoits.com
**THOITS LAW**
A Professional Corporation
400 Main Street, Suite 205
Los Altos, California 94022
Telephone:  (650) 327-4200
Facsimile:  (650) 325-5572

Attorneys for Non-Party
Three Bell Capital

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| **In Re: Three Bell Capital Subpoenas**<br><br>Served in related cases:<br><br>*In re Infinity Capital Management, Inc., U.S. Bankruptcy Court, District of Nevada Case No. 21-14486-abl*<br><br>*and adversary proceeding*<br><br>*HASelect-Medical Receivables Litigation Finance Fund International SP v. Tecumseh-Infinity Medical Receivables Fund, LP, Adv. Proc. No. 21-01167-abl* | Case No.<br><br>**DECLARATION OF JONATHAN PORTER IN SUPPORT OF NON-PARTY THREE BELL CAPITAL'S NOTICE OF MOTION AND MOTION TO QUASH AND/OR ENTER A PROTECTIVE ORDER** |

1

DECLARATION OF JONATHAN PORTER

I, Jonathan Porter, declare:

1. I am over eighteen years of age and am competent to testify about the matters set forth herein.

2. I am the co-founder and CEO of non-party Three Bell Capital ("Three Bell"). I have personal knowledge of the following facts due to my direct personal involvement in them.

3. Three Bell is a small locally owned Registered Investment Advisor ("RIA") company with 18 employees located in Los Altos, California.

4. Three Bell is leanly staffed with no dedicated Information Technology ("IT") professionals. All of its employees are actively engaged in assisting Three Bell clients with their investment needs.

5. While Three Bell has roughly $3 billion in Assets Under Management ("AUM"), it is important to note that these are not Three Bell assets and they are held in third-party custodial accounts. Three Bell's business is providing advice to its clients.

6. Three Bell has generally two lines of business: (1) corporate employee retirement plans (e.g. company 401(k) plans) and (2) advising high net-worth individuals with regard to their investment needs.

7. Three Bell considers its communications highly-confidential and proprietary. This includes both its internal communications concerning investment strategies that it may recommend to clients, as well as inquiries Three Bell makes to potential investment vehicles and funds it may recommend to its clients.

8. Three Bell operates in a heavily regulated industry, and like many peer companies, it generally outsources its regulatory compliance operations to a third-party, for which it pays a fee. Three Bell professionals maintain securities licenses which are subject to supervision by the SEC and FINRA. As an investment advisory firm, Three Bell has a fiduciary obligation to always act in its clients' best interests. Among its duties is assisting them with reviewing, conducting diligence on and monitoring investments, as well as advising them as to Three Bell's opinions on these investments. Consistent with the

1  regulatory environment in which Three Bell operates and its fiduciary duty to its clients,
2  Three Bell keeps its client communications strictly confidential. Such confidential
3  communications would include the performance of certain investments and any Three Bell
4  view as to the suitability of a given investment relative to the financial goals of the client.

5      9.    One investment fund that Three Bell previously recommended to its clients
6  was an investment fund run by Griffin Management LLC which it markets under the name
7  HedgeAct.

8      10.    Three Bell has never entered into any contractual relationship with Griffin
9  Management LLC, or any affiliated entity. If a client invested in a Griffin managed fund, that
10 client would directly enter into an investment agreement with the fund.

11     11.    In January 2022, Three Bell's Chief Operating Officer Greg Fomin received
12 a letter from Chicago-based counsel for HedgeAct which threatened litigation against Three
13 Bell and indicated, apparently as part of its litigation strategy, that HedgeAct would be
14 serving non-party discovery on Three Bell from a Nevada bankruptcy proceeding in which
15 Three Bell had no involvement. Attached as Exhibit "A" is a true and correct copy of this
16 letter. While Mr. Fomin has a law degree and supports Three Bell with regard to compliance
17 and legal issues, Three Bell does not have a dedicated legal department.

18     12.    Three Bell was perplexed by this letter as Mr. Fomin in his dealings with
19 HedgeAct principals had been seeking information from HedgeAct about its clients'
20 investments so it might offer advice to those clients as to long-term viability of those
21 investments. From these discussions, it became readily apparent that HedgeAct sought to
22 intimidate Three Bell and thereby inhibit it from giving candid advice to its clients about their
23 investments, including whether it should recommend a competing fund run by Tecumseh
24 Alternative, LLC.

25     13.    As a result of this January 2022 letter and the accompanying subpoenas, Three
26 Bell retained outside counsel to deal with the issue. I am informed and believe that counsel
27 for Three Bell responded to the letter to Mr. Fomin as well as objected to the subpoenas,
28 which sought documents both from Three Bell and me personally.

THOITS LAW
A PROFESSIONAL CORPORATION

14. The documents subpoenas served in January 2022 were incredibly broad with all the requests using the term "relating" which the subpoenas defined as "indirectly, refer to, reflect, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or factually be connected with the matter discussed."

15. One request was as follows: "All Documents relating to any Communication between You and any Person that invested in, or to whom You recommended investing in, HASelect or Tecumseh, including, but not limited to, any information posted to any blog, message board, forum, or other means of communicating with actual or potential investors in HASelect or Tecumseh, including, but not limited to, Communications directed at or facilitated through 506 Investor Group."

16. Given the scope of such a request and the financial and regulatory privacy concerns it raises for Three Bell clients, even attempting to comply with such a request would impose a substantial burden and cost on Three Bell as it would likely have to bring in a third-party vendor to search for such documents, as well as contact clients about complying with such a request. It would also have to have outside counsel review any potential responsive documents considering the regulatory financial privacy interests of its clients and the company intrinsic to any RIA business.

17. I am informed and believe that counsel for Three Bell raised these concerns about these subpoenas and sought an explicit explanation as to why any information in the sole possession of Three Bell could be at all relevant. I understand that counsel also inquired as to why information held by parties involved in the bankruptcy proceeding would be sought from a non-party not involved in those proceedings at all.

18. I understood that after counsel for Three Bell raised objections about the January 2022 subpoenas, counsel for HedgeAct stopped communicating in March 2022 and Three Bell considered the matter dropped.

19. Given the ongoing pandemic, Three Bell has a very flexible remote working environment and often its offices in Los Altos, California are not open to the public. Such a situation exists especially during the holiday period as Three Bell employees are able to work

4

DECLARATION OF JONATHAN PORTER

remotely serving the company's clients without the need to be present in the office. As stated previously, Three Bell is leanly staffed and does not have excess administrative staff to act as a receptionist to greet individuals who arrive without an appointment, such as a process server.

20. On December 14, 2022 I returned home to my personal residence to discover a new document subpoena and deposition subpoena issued by HedgeAct's counsel in the Nevada bankruptcy proceeding had been dropped on my door step. These subpoenas were not served on me personally as I was out of town from mid-November to December 14, 2022. Nonetheless, I had my wife forward to them to Three Bell's counsel. These subpoenas had a document response date of December 14, 2022.

21. I am informed and believe that Three Bell counsel objected to these subpoenas on similar grounds to the ones served in January 2022 as well as noting that these subpoenas had not been personally served on me as an Officer of Three Bell as required by law.

22. On December 9, 2022, while I was still out of town, the subpoenas, true and correct copies of which are attached hereto as Exhibit "B" and "C" were thrown onto the hood of my wife's car while she was in the car with my 10-year old daughter. As I was out of town, I was not present and was not personally served as an Officer on behalf of Three Bell with these subpoenas.

23. These subpoenas are similar in form to the subpoenas served back in January 2022. For example, the requests use the overly broad term "relating" and ask for broad categories of documents, including, for example, "All Documents relating to any Communications between You and Infinity relating to Tecumseh." The deposition subpoena which seeks a witness from Three Bell also has incredibly broad topics similar to the document requests. (See Exhibit "C"). These subpoenas have a response date of January 4, 2023 (documents) and January 6, 2023 (deposition subpoena).

24. I understand that on December 20, 2022, the subpoenas attached as Exhibit B and C were served on an Officer of Three Bell at a personal residence. I also understand that since that service, counsel for HedgeAct has agreed to withdraw the deposition subpoena in

1  written communications with Three Bell's counsel.

2      25.    Even attempting to begin the process of finding potential documents
3  responsive to the document subpoena would impose a huge cost in time and expense.

4      26.    To state again, Three Bell has no contractual relationship with any entity listed
5  in the subpoena and has made no claim in the bankruptcy proceeding in Nevada. All
6  information sought by the subpoenas that may be in Three Bell's possession would relate to
7  advice Three Bell provided clients regarding their investments. To the extent Three Bell had
8  communications on behalf of its clients with any entity involved in the bankruptcy
9  proceeding, those entities such as Infinity, Tecumseh and HedgeAct would have all of those
10 communications.

1   I declare under penalty of perjury of the laws of the State of California that the
2   foregoing is true and that this declaration was executed on  12/21/2022  in Los Altos,
3   California.

          DocuSigned by:
          _____
          8C513225840D409...
          Jonathan Porter

7

DECLARATION OF JONATHAN PORTER

THOITS LAW
A PROFESIONAL CORPORATION