# Exhibit B

1    Bart K. Larsen, Esq.
Nevada Bar No. 8538
2    Kyle M. Wyant, Esq.
Nevada Bar No. 14652
3    **SHEA LARSEN**
1731 Village Center Circle, Suite 150
4    Las Vegas, Nevada 89134
Telephone: (702) 471-7432
5    Fax: (702) 926-9683
Email:    jshea@shea.law
6            blarsen@shea.law
           kwyant@shea.law
7

8    *Attorneys for HASelect-Medical Receivables*
*Litigation Finance Fund International SP*

9          **UNITED STATES BANKRUPTCY COURT**

10                 **DISTRICT OF NEVADA**

| | |
|---|---|
| 11   In re: | |
| 12   INFINITY CAPITAL MANAGEMENT, INC. | Case No. 21-14486-abl<br>Chapter 7 |
| 13              Debtor. | |
| 14 | |
| 15   HASELECT-MEDICAL RECEIVABLES<br>LITIGATION FINANCE FUND<br>INTERNATIONAL SP, | |
| 16 | |
| 17            Plaintiff, | Adversary Case No. 21-01167-abl |
| 18   v. | |
| 19   TECUMSEH–INFINITY MEDICAL<br>RECEIVABLES FUND, LP, | |
| 20            Defendant. | |
| 21 | |
| 22   TECUMSEH–INFINITY MEDICAL<br>RECEIVABLES FUND, LP, | |
| 23            Counter-Plaintiff, | |
| 24   v. | |
| 25   HASELECT-MEDICAL RECEIVABLES<br>LITIGATION FINANCE FUND | |
| 26   INTERNATIONAL SP; ROBERT E. ATKINSON,<br>CHAPTER 7 TRUSTEE | |
| 27           Counter-Defendants. | |
| 28 | |

*(left margin, vertical)* **SHEA LARSEN** 1731 Village Center Circle, Suite 150 Las Vegas, Nevada 89134 (702) 471-7432

**NOTICE OF ISSUANCE OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

TO ALL INTERESTED PARTIES AND THEIR RESPECTIVE COUNSEL:

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 45(a)(4) and Fed. R. Bankr. P. 2004, HASelect-Medical Receivables Litigation Finance Fund International SP ("HASelect"), by and through its undersigned counsel, intends to serve the *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding)* attached hereto as **Exhibit 1** on JONATHAN PORTER.

DATED this 12th day of January, 2022.

**SHEA LARSEN**

/s/ *Bart K. Larsen, Esq.*
James Patrick Shea, Esq.
Nevada Bar No. 405
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134

*Attorneys for HASelect-Medical Receivables Litigation Finance Fund International SP*

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

DocuSign Envelope ID: FBB493A6-49D6-4D7A-858A-C0316E441A47

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

## CERTIFICATE OF SERVICE

1.      On January 12, 2022, I served the following document(s): **NOTICE OF ISSUANCE OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A <u>BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)</u>**

2.      I served the above document(s) by the following means to the persons as listed below:

☒      a.      ECF System:

ROBERT E. ATKINSON
Robert@ch7.vegas, TrusteeECF@ch7.vegas;ecf.alert+atkinson@titlexi.com

CLARISSE L. CRISOSTOMO on behalf of Trustee ROBERT E. ATKINSON
clarisse@nv-lawfirm.com, bknotices@nv-lawfirm.com

BRADFORD IRELAN on behalf of Creditor HEALTHPLUS IMAGING OF TEXAS, LLC
birelan@imtexaslaw.com,
jstephens@imtexaslaw.com;dhall@imtexaslaw.com;ynguyen@imtexaslaw.com

DAVID MINCIN on behalf of Creditor HEALTHPLUS IMAGING OF TEXAS, LLC
dmincin@mincinlaw.com, cburke@mincinlaw.com

MICHAEL D. NAPOLI on behalf of Creditor TECUMSEH - INFINITY MEDICAL RECEIVABLES FUND, LP
michael.napoli@akerman.com,
cindy.ferguson@akerman.com;catherine.kretzschmar@akerman.com;masterdocketlit@akerman.com

TRENT L. RICHARDS on behalf of Creditor THE INJURY SPECIALISTS
trichards@sagebrushlawyers.com

ARIEL E. STERN on behalf of Creditor TECUMSEH - INFINITY MEDICAL RECEIVABLES FUND, LP
ariel.stern@akerman.com, akermanlas@akerman.com

U.S. TRUSTEE - LV - 7
USTPRegion17.LV.ECF@usdoj.gov

MATTHEW C. ZIRZOW on behalf of Debtor INFINITY CAPITAL MANAGEMENT, INC.
mzirzow@lzlawnv.com,
carey@lzlawnv.com;trish@lzlawnv.com;jennifer@lzlawnv.com;zirzow.matthewc.r99681@notify.bestcase.com

☐      b.      United States mail, postage fully prepaid:

☐      c.      Personal Service:

I personally delivered the document(s) to the persons at these addresses:

☐      For a party represented by an attorney, delivery was made by

DocuSign Envelope ID: FBD493A6-49D6-4D7A-858A-C0316E441A47

handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐ For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐ d. By direct email (as opposed to through the ECF System): Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ e. By fax transmission:

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐ f. By messenger:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 12, 2022.

By: /s/ *Bart K. Larsen, Esq.*

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

# EXHIBIT 1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of **Nevada**

In re **Infinity Capital Management, Inc.**
_____
Debtor

*(Complete if issued in an adversary proceeding)*

**HASelect-Medical Receivables Litigation Finance Fund International SP**
_____
Plaintiff

v.

**Tecumseh-Infinity Medical Receivables Fund, LP**
_____
Defendant

Case No. **21-14486-abl**

Chapter **7**

Adv. Proc. No. **21-01167-abl**

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Jonathan Porter, 4 Main Street, Suite 230, Los Altos, CA 94022**
_____
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See Exhibit A attached hereto**

| PLACE | DATE AND TIME |
|---|---|
| Shea Larsen PC 1731 Village Center Circle, Suite 150 Las Vegas, Nevada 89134 | February 3, 2022 by 5:00 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of **Fed. R. Civ. P. 45**, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **1/12/2022**

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

**/s/ Bart K. Larsen, Esq.**
_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* HASelect-Medical Receivables Litigation Finance Fund International, SP , who issues or requests this subpoena, are:
**BART K. LARSEN, ESQ., 1731 Village Center Circle, Suite 150, Las Vegas, Nevada 89134 (702) 471-7432**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

DocuSign Envelope ID: FBD493A6-49D6-4D7A-3581-20316E441A47

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

  My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


      I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

DocuSign Envelope ID: FBB493A6-49B6-4D7A-B5B1-C0316E141A47

Case 5:22-bk-80338-MC · Document 1-8 · Filed 12/14/22 · Page 9 of 35
B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## DEFINITIONS

1.      "**506 Investor Group**" refers to 506 Investor Group, LLC, including its employees, directors, officers, agents, servants, subsidiaries, parent company, affiliated companies, and other persons acting or purporting to act on its behalf, including its Representatives, as well as anyone known or believed to be a member of or affiliated with 506 Investor Group.

2.      "**Bankruptcy Case**" refers the following case: *In re Infinity Capital Management, Inc.*, United States Bankruptcy Court for the District of Nevada, Case No. 21-14486-abl.

3.      "**Communication**" means any oral or written statement, dialogue, colloquy, discussion, or conversation, and includes any transfer of thoughts or ideas or data or information, between persons or locations by means of any Documents or by any other means, including but not limited to electronic or similar means.

4.      "**Control**" means in your possession, custody, or control or under your direction, and includes in the possession, custody, or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purporting to act on your behalf.

5.      "**Document**" means any written or graphic matter and other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, emails, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, inter-office and intra-office telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations or modifications, changes and amendments of any of the foregoing), graphic or aural records or

1

representations of any kind (including without limitation, photographs, microfiche, microfilm, videotape, records and motion pictures) and electronic, mechanical or electric records or representations of any kind (including without limitation, tapes, cassettes, discs and records) as well as all Electronically Stored Information ("**ESI**"), which refers to any type of information that is created, used, or stored in digital form and accessible by digital means, including but not limited to, all data, digital documents, email, electronic documents, and metadata of the same (and is further defined below).  For the avoidance of doubt, Document includes but is not limited to all Communications.

6.      "**HASelect**" refers to Creditor HASelect-Medical Receivables Litigation Finance Fund International SP, including its employees, directors, officers, agents, servants, subsidiaries, parent company, affiliated companies, and other persons acting or purporting to act on its behalf, including its Representatives.

7.      "**Infinity**" or "**Debtor**" refers to Debtor Infinity Capital Management, Inc., including its employees, directors, officers, agents, servants, subsidiaries, parent company, affiliated company, and other persons acting or purporting to act on its behalf, including its Representatives.  <u>For the avoidance of doubt, any request for Communications between You and Infinity includes Communications between You and Oliver Hemmers or Anne Pantelas (or both)</u>.

8.      "**Person**" refers to any natural individual, governmental entity, or business entity, including a corporation, partnership, association, limited liability company, or other entity or combination thereof, and all corporations, divisions, or entities affiliated with, owned, or controlled directly or indirectly or owning or controlling directly or indirectly any such entities as well as directors, officers, managers, employees, agents, attorneys, affiliates, or other representatives thereof, or third parties retained by any of the above.

9.      "**PFD**" refers to PFD Management, LLC, including its employees, directors, officers, agents, servants, subsidiaries, parent company, affiliated companies, and other persons acting or purporting to act on its behalf, including its Representatives

10.     The terms "**related to**", "**relate to**", or "**relating to**" shall mean directly or

indirectly, refer to, reflect, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or factually be connected with the matter discussed.

11. "**Representative**" means all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the person in question.

12. "**Tecumseh**" refers to Tecumseh-Infinity Medical Receivables Fund, LP, including its employees, directors, officers, members, agents, servants, subsidiaries, parent company, affiliated company, and other persons acting or purporting to act on its behalf, including its Representatives. <u>For the avoidance of doubt, any request for Communications between You and Tecumseh includes Communications between You and Chadwick Meyer, Mike Belotz, or Simon Clark (or any combination thereof)</u>.

13. "**You**" refers to Jonathan Porter.

## INSTRUCTIONS

1. The words "and" and "or" as used herein shall be construed either disjunctively or conjunctively as required by the context to bring within the scope of these Requested Documents any answer that might be deemed outside their scope by another construction,

2. When producing the Documents, please keep all Documents segregated by the file in which the Documents are contained and indicate the name of the file in which the Documents are contained, and the name of the Documents being produced.

3. When producing the required Documents, please produce all other Documents that are clipped, stapled, or otherwise attached to any requested Document.

4. In the event such file(s) or Document(s) has (have) been removed, either for the purpose of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

5. Each draft, final Document, original, reproduction, and each signed and unsigned Document and every additional copy of such Document where such copy contains any commentary, note, notation or other change whatsoever that does not appear on the original or on

the copy of the one Document produced shall be deemed and considered to constitute a separate Document.

6.     If any Document encompassed by the attached requests for production of Documents is deemed by you to be privileged, furnish all non-privileged Documents and provide a log outlining all Documents claimed as privileged which includes: (a) the type of privilege claimed for each Document; (b) a brief description of the Document; (c) the author of the Document sufficient to identify it; (d) the recipient (if any); (e) the date of the Document.

7.     When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any Documents which might otherwise be construed to be outside the scope hereof.

8.     In addition to Documents currently in your possession, custody, or control, you are to produce all Documents within the scope of these requests that are not currently in your possession, custody, or control but can be obtained through reasonable effort.

9.     This request calls for the production of all electronic Documents and electronically stored information (ESI) responsive to the requests below, including but not limited to e-mails and any related attachments, electronic files, or other data compilations that relate to the categories of Documents requested below.  Your search for these electronically stored Documents shall include all of your computer hard drives, floppy discs, compact discs, backup and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, iPhones, smart phones, tablets, iPads, proprietary software, and inactive or unused computer disc storage areas.

10.     Unless otherwise stated, the following requests relate to the time period of January 1, 2018 through the date of your response.

## DOCUMENT PRODUCTION REQUESTS

1.     All Documents relating to any Communication between You and any Person that invested in, or to whom You recommended investing in, HASelect or Tecumseh, including, but not limited to, any information posted to any blog, message board, forum, or other means of

communicating with actual or potential investors in HASelect or Tecumseh, including, but not limited to, Communications directed at or facilitated through 506 Investor Group.

2.      All Documents relating to any Communication between You and any Person relating to investing in, doing business with, or concerning the business of HASelect or Tecumseh, including, but not limited to, any information posted to any blog, message board, forum, or other means of communicating with actual or potential investors in HASelect or Tecumseh, including, but not limited to, Communications directed at or facilitated through 506 Investor Group.

3.      All Documents relating to any Communication between You and any Person relating to (i) Infinity, (ii) any asset of Infinity, (iii) any actual or potential business transaction involving Infinity, (iv) any debt or other obligation owed by Infinity, (v) any contract or other business arrangement to which Infinity was a party, (vi) any account receivable in which Infinity received any assignment or any right, title, or interest or for which Infinity provided any service to any third party, (vii) any loan made to or requested by Infinity, or (viii) any investment capital contributed to or requested by Infinity.

4.      All Documents relating to any Communication between You and Infinity relating to (i) Infinity, (ii) any asset of Infinity, (iii) any actual or potential business transaction involving Infinity, (iv) any debt or other obligation owed by Infinity, (v) any contract or other business arrangement to which Infinity was a party, (vi) any account receivable in which Infinity received any assignment or any right, title, or interest or for which Infinity provided any service to any third party, (vii) any loan made to or requested by Infinity, or (viii) any investment capital contributed to or requested by Infinity.

5.      All Documents relating to any Communication between You and Tecumseh relating to (i) Infinity, (ii) any asset of Infinity, (iii) any actual or potential business transaction involving Infinity, (iv) any debt or other obligation owed by Infinity, (v) any contract or other business arrangement to which Infinity was a party, (vi) any account receivable in which Infinity received any assignment or any right, title, or interest or for which Infinity provided any service to any third party, (vii) any loan made to or requested by Infinity, or (viii) any investment capital

5

contributed to or requested by Infinity.

6.      All Documents relating to any Communication between You and FTM relating to (i) Infinity, (ii) any asset of Infinity, (iii) any actual or potential business transaction involving Infinity, (iv) any debt or other obligation owed by Infinity, (v) any contract or other business arrangement to which Infinity was a party, (vi) any account receivable in which Infinity received any assignment or any right, title, or interest or for which Infinity provided any service to any third party, (vii) any loan made to or requested by Infinity, or (viii) any investment capital contributed to or requested by Infinity.

7.      All Documents relating to any Communication between You and PFD relating to (i) Infinity, (ii) any asset of Infinity, (iii) any actual or potential business transaction involving Infinity, (iv) any debt or other obligation owed by Infinity, (v) any contract or other business arrangement to which Infinity was a party, (vi) any account receivable in which Infinity received any assignment or any right, title, or interest or for which Infinity provided any service to any third party, (vii) any loan made to or requested by Infinity, or (viii) any investment capital contributed to or requested by Infinity.

8.      All Documents relating to any Communication between You and any Person relating to (i) Tecumseh, (ii) any asset of Tecumseh, (iii) any actual or potential business transaction involving Tecumseh, (iv) any debt or other obligation owed by Tecumseh, (v) any contract or other business arrangement to which Tecumseh was a party, (vi) any account receivable in which Tecumseh claimed or claims any right, title, or interest, (vii) any loan made to or requested by Tecumseh, or (viii) any investment capital contributed to or requested by Tecumseh.

9.      All Documents relating to any Communication between You and Infinity relating to (i) Tecumseh, (ii) any asset of Tecumseh, (iii) any actual or potential business transaction involving Tecumseh, (iv) any debt or other obligation owed by Tecumseh, (v) any contract or other business arrangement to which Tecumseh was a party, (vi) any account receivable in which Tecumseh claimed or claims any right, title, or interest, (vii) any loan made to or requested by Tecumseh, or (viii) any investment capital contributed to or requested by Tecumseh.

6

10.     All Documents relating to any Communication between You and Tecumseh relating to (i) Tecumseh, (ii) any asset of Tecumseh, (iii) any actual or potential business transaction involving Tecumseh, (iv) any debt or other obligation owed by Tecumseh, (v) any contract or other business arrangement to which Tecumseh was a party, (vi) any account receivable in which Tecumseh claimed or claims any right, title, or interest, (vii) any loan made to or requested by Tecumseh, or (viii) any investment capital contributed to or requested by Tecumseh.

11.     All Documents relating to any Communication between You and FTM relating to (i) Tecumseh, (ii) any asset of Tecumseh, (iii) any actual or potential business transaction involving Tecumseh, (iv) any debt or other obligation owed by Tecumseh, (v) any contract or other business arrangement to which Tecumseh was a party, (vi) any account receivable in which Tecumseh claimed or claims any right, title, or interest, (vii) any loan made to or requested by Tecumseh, or (viii) any investment capital contributed to or requested by Tecumseh.

12.     All Documents relating to any Communication between You and PFD relating to (i) Tecumseh, (ii) any asset of Tecumseh, (iii) any actual or potential business transaction involving Tecumseh, (iv) any debt or other obligation owed by Tecumseh, (v) any contract or other business arrangement to which Tecumseh was a party, (vi) any account receivable in which Tecumseh claimed or claims any right, title, or interest, (vii) any loan made to or requested by Tecumseh, or (viii) any investment capital contributed to or requested by Tecumseh.

13.     All Documents relating to any Communication between You and any Person relating to 506 Investor Group.

14.     All Documents relating to any Communication between You and Tecumseh relating to 506 Investor Group.

15.     All Documents relating to any Communication between You and FTM relating to 506 Investor Group.

16.     All Documents relating to any Communication between You and PFD relating to 506 Investor Group.

17.     All Documents relating to any Communication between You and Infinity relating

7

to 506 Investor Group.

18.     All Documents relating to any Communication between You and Tecumseh relating to 506 Investor Group.

19.     All Documents relating to any Communication between You and 506 Investor Group relating to Infinity.

20.     All Documents relating to any Communication between You and 506 Investor Group relating to Tecumseh.

21.     All Documents relating to any Communication between You and 506 Investor Group relating to HASelect.

22.     All Documents relating to any Communication between You and any Person relating to any actual or threatened legal action, including any lawsuit or regulatory complaint, against Infinity.

23.     All Documents relating to any Communication between You and any Person relating to the Bankruptcy Case.

24.      All Documents relating to any Communication between You and any Person relating to any actual or threatened legal action, including any lawsuit or regulatory complaint, against Tecumseh.

25.     All Documents relating to any Communication between You and any Person relating to any actual or threatened legal action, including any lawsuit or regulatory complaint, against HASelect.

26.     All Documents relating to any Communication between You and any Person relating to any actual or potential conflict of interest relating to Your investment in Tecumseh.

27.     All Documents relating to any Communication between You and any Person relating to any actual or potential conflict of interest relating to Your investment in HASelect.

28.     All Documents and all Communications between You and any Person relating to any agreement between You and Infinity.

29.     All Documents and all Communications between You and any Person relating to

8

any agreement between You and Tecumseh.

1  Bart K. Larsen, Esq.
   Nevada Bar No. 8538
2  Kyle M. Wyant, Esq.
   Nevada Bar No. 14652
3  **SHEA LARSEN**
   1731 Village Center Circle, Suite 150
4  Las Vegas, Nevada 89134
   Telephone: (702) 471-7432
5  Fax: (702) 926-9683
   Email:  jshea@shea.law
6          blarsen@shea.law
          kwyant@shea.law
7
   *Attorneys for HASelect-Medical Receivables*
8  *Litigation Finance Fund International SP*

9              **UNITED STATES BANKRUPTCY COURT**

10                    **DISTRICT OF NEVADA**

11  In re:
                                          Case No. 21-14486-abl
12  INFINITY CAPITAL MANAGEMENT, INC.     Chapter 7

13          Debtor.

14  ─────────────────────────────────

15  HASELECT-MEDICAL RECEIVABLES
    LITIGATION FINANCE FUND
16  INTERNATIONAL SP,

17          Plaintiff,                    Adversary Case No. 21-01167-abl

18  v.

19  TECUMSEH–INFINITY MEDICAL
    RECEIVABLES FUND, LP,
20
            Defendant.
21  ─────────────────────────────────

22  TECUMSEH–INFINITY MEDICAL
    RECEIVABLES FUND, LP,

23          Counter-Plaintiff,

24  v.

25  HASELECT-MEDICAL RECEIVABLES
    LITIGATION FINANCE FUND
26  INTERNATIONAL SP; ROBERT E. ATKINSON,
    CHAPTER 7 TRUSTEE
27
            Counter-Defendants.
28  ─────────────────────────────────

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

DocuSign Envelope ID: F9D493A6-19D6-4D7A-8581-C0216E141A47

1    **NOTICE OF ISSUANCE OF SUBPOENA TO PRODUCE DOCUMENTS,**
2    **INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A**
    **BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

3    TO ALL INTERESTED PARTIES AND THEIR RESPECTIVE COUNSEL:

4    PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 45(a)(4) and Fed. R. Bankr. P.

5   2004, HASelect-Medical Receivables Litigation Finance Fund International SP ("HASelect"), by

6   and through its undersigned counsel, intends to serve the *Subpoena to Produce Documents,*

7   *Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary*

8   *Proceeding)* attached hereto as **Exhibit 1** on THREE BELL CAPITAL, LLC.

9    DATED this 12th day of January, 2022.

10                 **SHEA LARSEN**

11

12                 /s/ *Bart K. Larsen, Esq.*
                 James Patrick Shea, Esq.
13                 Nevada Bar No. 405
                 Bart K. Larsen, Esq.
14                 Nevada Bar No. 8538
                 Kyle M. Wyant, Esq.
15                 Nevada Bar No. 14652
                 1731 Village Center Circle, Suite 150
16                 Las Vegas, Nevada 89134

17                 *Attorneys for HASelect-Medical Receivables*
                 *Litigation Finance Fund International SP*

18

19

20

21

22

23

24

25

26

27

28

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

**CERTIFICATE OF SERVICE**

1.      On January 12, 2022, I served the following document(s): **NOTICE OF ISSUANCE OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A <u>BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)</u>**

2.      I served the above document(s) by the following means to the persons as listed below:

     ☒     a.     ECF System:

ROBERT E. ATKINSON
Robert@ch7.vegas, TrusteeECF@ch7.vegas;ecf.alert+atkinson@titlexi.com

CLARISSE L. CRISOSTOMO on behalf of Trustee ROBERT E. ATKINSON
clarisse@nv-lawfirm.com, bknotices@nv-lawfirm.com

BRADFORD IRELAN on behalf of Creditor HEALTHPLUS IMAGING OF TEXAS, LLC
birelan@imtexaslaw.com,
jstephens@imtexaslaw.com;dhall@imtexaslaw.com;ynguyen@imtexaslaw.com

DAVID MINCIN on behalf of Creditor HEALTHPLUS IMAGING OF TEXAS, LLC
dmincin@mincinlaw.com, cburke@mincinlaw.com

MICHAEL D. NAPOLI on behalf of Creditor TECUMSEH - INFINITY MEDICAL RECEIVABLES FUND, LP
michael.napoli@akerman.com,
cindy.ferguson@akerman.com;catherine.kretzschmar@akerman.com;masterdocketlit@akerman.com

TRENT L. RICHARDS on behalf of Creditor THE INJURY SPECIALISTS
trichards@sagebrushlawyers.com

ARIEL E. STERN on behalf of Creditor TECUMSEH - INFINITY MEDICAL RECEIVABLES FUND, LP
ariel.stern@akerman.com, akermanlas@akerman.com

U.S. TRUSTEE - LV - 7
USTPRegion17.LV.ECF@usdoj.gov

MATTHEW C. ZIRZOW on behalf of Debtor INFINITY CAPITAL MANAGEMENT, INC.
mzirzow@lzlawnv.com,
carey@lzlawnv.com;trish@lzlawnv.com;jennifer@lzlawnv.com;zirzow.matthewc.r99681@notify.bestcase.com

     ☐     b.     United States mail, postage fully prepaid:

     ☐     c.     Personal Service:

I personally delivered the document(s) to the persons at these addresses:

         ☐     For a party represented by an attorney, delivery was made by

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐      For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐      d.      By direct email (as opposed to through the ECF System): Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐      e.      By fax transmission:

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐      f.      By messenger:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 12, 2022.

By: /s/ Bart K. Larsen, Esq,

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

EXHIBIT 1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of **Nevada**

In re **Infinity Capital Management, Inc.**
_____
Debtor

*(Complete if issued in an adversary proceeding)*

HASelect-Medical Receivables Litigation Finance Fund International SP
_____
Plaintiff

v.

Tecumseh-Infinity Medical Receivables Fund, LP
_____
Defendant

Case No. **21-14486-abl**

Chapter **7**

Adv. Proc. No. **21-01167-abl**

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Three Bell Capital, LLC, c/o Jonathan Porter, 4 Main Street, Suite 230, Los Altos, CA 94022**

*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A attached hereto

| PLACE | DATE AND TIME |
|---|---|
| Shea Larsen PC 1731 Village Center Circle, Suite 150 Las Vegas, Nevada 89134 | February 3, 2022 by 5:00 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **1/12/2022**

CLERK OF COURT

OR

_____        **/s/ Bart K. Larsen, Esq.**
Signature of Clerk or Deputy Clerk            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* HASelect-Medical Receivables Litigation Finance Fund International, SP , who issues or requests this subpoena, are:

BART K. LARSEN, ESQ., 1731 Village Center Circle, Suite 150, Las Vegas, Nevada 89134 (702) 471-7432

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE

## (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

       I declare under penalty of perjury that this information is true and correct.

Date: _____

 

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

 (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## DEFINITIONS

1.    "**506 Investor Group**" refers to 506 Investor Group, LLC, including its employees, directors, officers, agents, servants, subsidiaries, parent company, affiliated companies, and other persons acting or purporting to act on its behalf, including its Representatives, as well as anyone known or believed to be a member of or affiliated with 506 Investor Group.

2.    "**Bankruptcy Case**" refers the following case: *In re Infinity Capital Management, Inc.*, United States Bankruptcy Court for the District of Nevada, Case No. 21-14486-abl.

3.    "**Communication**" means any oral or written statement, dialogue, colloquy, discussion, or conversation, and includes any transfer of thoughts or ideas or data or information, between persons or locations by means of any Documents or by any other means, including but not limited to electronic or similar means.

4.    "**Control**" means in your possession, custody, or control or under your direction, and includes in the possession, custody, or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purporting to act on your behalf.

5.    "**Document**" means any written or graphic matter and other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, emails, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, inter-office and intra-office telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations or modifications, changes and amendments of any of the foregoing), graphic or aural records or

1

representations of any kind (including without limitation, photographs, microfiche, microfilm, videotape, records and motion pictures) and electronic, mechanical or electric records or representations of any kind (including without limitation, tapes, cassettes, discs and records) as well as all Electronically Stored Information ("**ESI**"), which refers to any type of information that is created, used, or stored in digital form and accessible by digital means, including but not limited to, all data, digital documents, email, electronic documents, and metadata of the same (and is further defined below).  For the avoidance of doubt, Document includes but is not limited to all Communications.

6.      "**HASelect**" refers to Creditor HASelect-Medical Receivables Litigation Finance Fund International SP, including its employees, directors, officers, agents, servants, subsidiaries, parent company, affiliated companies, and other persons acting or purporting to act on its behalf, including its Representatives.

7.      "**Infinity**" or "**Debtor**" refers to Debtor Infinity Capital Management, Inc., including its employees, directors, officers, agents, servants, subsidiaries, parent company, affiliated company, and other persons acting or purporting to act on its behalf, including its Representatives.  <u>For the avoidance of doubt, any request for Communications between You and Infinity includes Communications between You and Oliver Hemmers or Anne Pantelas (or both)</u>.

8.      "**Person**" refers to any natural individual, governmental entity, or business entity, including a corporation, partnership, association, limited liability company, or other entity or combination thereof, and all corporations, divisions, or entities affiliated with, owned, or controlled directly or indirectly or owning or controlling directly or indirectly any such entities as well as directors, officers, managers, employees, agents, attorneys, affiliates, or other representatives thereof, or third parties retained by any of the above.

9.      "**PFD**" refers to PFD Management, LLC, including its employees, directors, officers, agents, servants, subsidiaries, parent company, affiliated companies, and other persons acting or purporting to act on its behalf, including its Representatives

10.      The terms "**related to**", "**relate to**", or "**relating to**" shall mean directly or

2

indirectly, refer to, reflect, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or factually be connected with the matter discussed.

11.    "**Representative**" means all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the person in question.

12.    "**Tecumseh**" refers to Tecumseh-Infinity Medical Receivables Fund, LP, including its employees, directors, officers, members, agents, servants, subsidiaries, parent company, affiliated company, and other persons acting or purporting to act on its behalf, including its Representatives.  <u>For the avoidance of doubt, any request for Communications between You and Tecumseh includes Communications between You and Chadwick Meyer, Mike Belotz, or Simon Clark (or any combination thereof)</u>.

13.    "**You**" or "**Three Bell**" refers to Three Bell Capital, LLC, including its employees, directors, officers, members, agents, servants, subsidiaries, parent company, affiliated company, and other persons acting or purporting to act on its behalf, including its Representatives.

## INSTRUCTIONS

1.    The words "and" and "or" as used herein shall be construed either disjunctively or conjunctively as required by the context to bring within the scope of these Requested Documents any answer that might be deemed outside their scope by another construction,

2.    When producing the Documents, please keep all Documents segregated by the file in which the Documents are contained and indicate the name of the file in which the Documents are contained, and the name of the Documents being produced.

3.    When producing the required Documents, please produce all other Documents that are clipped, stapled, or otherwise attached to any requested Document.

4.    In the event such file(s) or Document(s) has (have) been removed, either for the purpose of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

5.    Each draft, final Document, original, reproduction, and each signed and unsigned

3

Document and every additional copy of such Document where such copy contains any commentary, note, notation or other change whatsoever that does not appear on the original or on the copy of the one Document produced shall be deemed and considered to constitute a separate Document.

6.     If any Document encompassed by the attached requests for production of Documents is deemed by you to be privileged, furnish all non-privileged Documents and provide a log outlining all Documents claimed as privileged which includes: (a) the type of privilege claimed for each Document; (b) a brief description of the Document; (c) the author of the Document sufficient to identify it; (d) the recipient (if any); (e) the date of the Document.

7.     When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any Documents which might otherwise be construed to be outside the scope hereof.

8.     In addition to Documents currently in your possession, custody, or control, you are to produce all Documents within the scope of these requests that are not currently in your possession, custody, or control but can be obtained through reasonable effort.

9.     This request calls for the production of all electronic Documents and electronically stored information (ESI) responsive to the requests below, including but not limited to e-mails and any related attachments, electronic files, or other data compilations that relate to the categories of Documents requested below.  Your search for these electronically stored Documents shall include all of your computer hard drives, floppy discs, compact discs, backup and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, iPhones, smart phones, tablets, iPads, proprietary software, and inactive or unused computer disc storage areas.

10.     Unless otherwise stated, the following requests relate to the time period of January 1, 2018 through the date of your response.

## DOCUMENT PRODUCTION REQUESTS

1.     All Documents relating to any Communication between You and any Person that

DocuSign Envelope ID: FBD493A6-19D6-4D7A-8581-S8216E141A47

invested in, or to whom You recommended investing in, HASelect or Tecumseh, including, but not limited to, any information posted to any blog, message board, forum, or other means of communicating with actual or potential investors in HASelect or Tecumseh, including, but not limited to, Communications directed at or facilitated through 506 Investor Group.

2.      All Documents relating to any Communication between You and any Person relating to investing in, doing business with, or concerning the business of HASelect or Tecumseh, including, but not limited to, any information posted to any blog, message board, forum, or other means of communicating with actual or potential investors in HASelect or Tecumseh, including, but not limited to, Communications directed at or facilitated through 506 Investor Group.

3.      All Documents relating to any Communication between You and any Person relating to (i) Infinity, (ii) any asset of Infinity, (iii) any actual or potential business transaction involving Infinity, (iv) any debt or other obligation owed by Infinity, (v) any contract or other business arrangement to which Infinity was a party, (vi) any account receivable in which Infinity received any assignment or any right, title, or interest or for which Infinity provided any service to any third party, (vii) any loan made to or requested by Infinity, or (viii) any investment capital contributed to or requested by Infinity.

4.      All Documents relating to any Communication between You and Infinity relating to (i) Infinity, (ii) any asset of Infinity, (iii) any actual or potential business transaction involving Infinity, (iv) any debt or other obligation owed by Infinity, (v) any contract or other business arrangement to which Infinity was a party, (vi) any account receivable in which Infinity received any assignment or any right, title, or interest or for which Infinity provided any service to any third party, (vii) any loan made to or requested by Infinity, or (viii) any investment capital contributed to or requested by Infinity.

5.      All Documents relating to any Communication between You and Tecumseh relating to (i) Infinity, (ii) any asset of Infinity, (iii) any actual or potential business transaction involving Infinity, (iv) any debt or other obligation owed by Infinity, (v) any contract or other business arrangement to which Infinity was a party, (vi) any account receivable in which Infinity

5

DocuSign Envelope ID: FBD493A6-19D6-4D7A-8581-S8216E141A47

received any assignment or any right, title, or interest or for which Infinity provided any service to any third party, (vii) any loan made to or requested by Infinity, or (viii) any investment capital contributed to or requested by Infinity.

6.      All Documents relating to any Communication between You and FTM relating to (i) Infinity, (ii) any asset of Infinity, (iii) any actual or potential business transaction involving Infinity, (iv) any debt or other obligation owed by Infinity, (v) any contract or other business arrangement to which Infinity was a party, (vi) any account receivable in which Infinity received any assignment or any right, title, or interest or for which Infinity provided any service to any third party, (vii) any loan made to or requested by Infinity, or (viii) any investment capital contributed to or requested by Infinity.

7.      All Documents relating to any Communication between You and PFD relating to (i) Infinity, (ii) any asset of Infinity, (iii) any actual or potential business transaction involving Infinity, (iv) any debt or other obligation owed by Infinity, (v) any contract or other business arrangement to which Infinity was a party, (vi) any account receivable in which Infinity received any assignment or any right, title, or interest or for which Infinity provided any service to any third party, (vii) any loan made to or requested by Infinity, or (viii) any investment capital contributed to or requested by Infinity.

8.      All Documents relating to any Communication between You and any Person relating to (i) Tecumseh, (ii) any asset of Tecumseh, (iii) any actual or potential business transaction involving Tecumseh, (iv) any debt or other obligation owed by Tecumseh, (v) any contract or other business arrangement to which Tecumseh was a party, (vi) any account receivable in which Tecumseh claimed or claims any right, title, or interest, (vii) any loan made to or requested by Tecumseh, or (viii) any investment capital contributed to or requested by Tecumseh.

9.      All Documents relating to any Communication between You and Infinity relating to (i) Tecumseh, (ii) any asset of Tecumseh, (iii) any actual or potential business transaction involving Tecumseh, (iv) any debt or other obligation owed by Tecumseh, (v) any contract or other business arrangement to which Tecumseh was a party, (vi) any account receivable in which

Tecumseh claimed or claims any right, title, or interest, (vii) any loan made to or requested by Tecumseh, or (viii) any investment capital contributed to or requested by Tecumseh.

10. All Documents relating to any Communication between You and Tecumseh relating to (i) Tecumseh, (ii) any asset of Tecumseh, (iii) any actual or potential business transaction involving Tecumseh, (iv) any debt or other obligation owed by Tecumseh, (v) any contract or other business arrangement to which Tecumseh was a party, (vi) any account receivable in which Tecumseh claimed or claims any right, title, or interest, (vii) any loan made to or requested by Tecumseh, or (viii) any investment capital contributed to or requested by Tecumseh.

11. All Documents relating to any Communication between You and FTM relating to (i) Tecumseh, (ii) any asset of Tecumseh, (iii) any actual or potential business transaction involving Tecumseh, (iv) any debt or other obligation owed by Tecumseh, (v) any contract or other business arrangement to which Tecumseh was a party, (vi) any account receivable in which Tecumseh claimed or claims any right, title, or interest, (vii) any loan made to or requested by Tecumseh, or (viii) any investment capital contributed to or requested by Tecumseh.

12. All Documents relating to any Communication between You and PFD relating to (i) Tecumseh, (ii) any asset of Tecumseh, (iii) any actual or potential business transaction involving Tecumseh, (iv) any debt or other obligation owed by Tecumseh, (v) any contract or other business arrangement to which Tecumseh was a party, (vi) any account receivable in which Tecumseh claimed or claims any right, title, or interest, (vii) any loan made to or requested by Tecumseh, or (viii) any investment capital contributed to or requested by Tecumseh.

13. All Documents relating to any Communication between You and any Person relating to 506 Investor Group.

14. All Documents relating to any Communication between You and Tecumseh relating to 506 Investor Group.

15. All Documents relating to any Communication between You and FTM relating to 506 Investor Group.

16. All Documents relating to any Communication between You and PFD relating to

7

DocuSign Envelope ID: FBD493A6-19D6-4D7A-8581-C8216E141A47

506 Investor Group.

17.　　All Documents relating to any Communication between You and Infinity relating to 506 Investor Group.

18.　　All Documents relating to any Communication between You and Tecumseh relating to 506 Investor Group.

19.　　All Documents relating to any Communication between You and 506 Investor Group relating to Infinity.

20.　　All Documents relating to any Communication between You and 506 Investor Group relating to Tecumseh.

21.　　All Documents relating to any Communication between You and 506 Investor Group relating to HASelect.

22.　　All Documents relating to any Communication between You and any Person relating to any actual or threatened legal action, including any lawsuit or regulatory complaint, against Infinity.

23.　　All Documents relating to any Communication between You and any Person relating to the Bankruptcy Case.

24.　　 All Documents relating to any Communication between You and any Person relating to any actual or threatened legal action, including any lawsuit or regulatory complaint, against Tecumseh.

25.　　All Documents relating to any Communication between You and any Person relating to any actual or threatened legal action, including any lawsuit or regulatory complaint, against HASelect.

26.　　All Documents relating to any Communication between You and any Person relating to any actual or potential conflict of interest relating to Your investment in Tecumseh.

27.　　All Documents relating to any Communication between You and any Person relating to any actual or potential conflict of interest relating to Your investment in HASelect.

28.　　All Documents and all Communications between You and any Person relating to

any agreement between You and Infinity.

29.    All Documents and all Communications between You and any Person relating to

any agreement between You and Tecumseh.