Mark V. Boennighausen/Bar No. 142147
mboennighausen@thoits.com
Dinah Ortiz/Bar No. 273556
dortiz@thoits.com
Melissa Zonne/Bar No. 301581
mzonne@thoits.com
**THOITS LAW**
A Professional Corporation
400 Main Street, Suite 205
Los Altos, California 94022
Telephone: (650) 327-4200
Facsimile: (650) 325-5572

Attorneys for Non-Party
Three Bell Capital

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| **In Re: Three Bell Capital Document Subpoena**<br><br>Served in related cases:<br><br>*In re Infinity Capital Management, Inc.,* U.S. Bankruptcy Court, District of Nevada Case No. 21-14486-abl<br><br>*and adversary proceeding*<br><br>*HASelect-Medical Receivables Litigation Finance Fund International SP v. Tecumseh-Infinity Medical Receivables Fund, LP,* Adv. Proc. No. 21-01167-abl | Case No. 5:22-mc-80338-NC<br><br>**REPLY IN SUPPORT OF NON-PARTY THREE BELL CAPITAL'S MOTION TO QUASH HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP'S SUBPOENA TO PRODUCE DOCUMENTS**<br><br>Hearing Date: January 11, 2023<br>Time:           11:30 a.m.<br>Judge:          Nathanael M. Cousins |

HASelect-Medical Receivables Litigation Finance Fund International SP's ("HASelect") opposition confirms that non-party Three Bell Capital's ("Three Bell") Motion to Quash should be granted, a protective order issued to prevent further harassment and Rule 45 fees awarded for the reasons set forth in the Motion and this Reply.

### A. HASelect Never Properly Served Its Document Subpoena As It Did Not Tender Any Witness Fee

After filing its motion, Three Bell determined that HASelect never properly served its subpoena (the "Subpoena") as it never tendered any witness fees. *See* Declaration of Eric Patterson in Support of Reply; *BNSF Ry. Co. v. Alere, Inc.*, No. 18-CV-291-BEN-WVG, 2018 WL 2267144, at *6 (S.D. Cal. May 17, 2018) ("It is well settled that a witness fee must be tendered concurrently with the service of a subpoena."). As such, the Subpoena should be quashed.

### B. HASelect Ignores That Ninth Circuit Law Requires That Prior To Burdening A Non-Party It Must First Exhaust Its Discovery Efforts Against A Party

A litigant must first seek the discovery against a party to the action prior to seeking discovery from a non-party when there is an objection to compliance. *Shoen v. Shoen*, 5 F.3d 1289, 1296 (9th Cir. 1993) (reversing order compelling compliance against non-party). Nonetheless, HASelect argues that it has a "broad right of discovery" regardless of its efforts against an adversary party and Three Bell's objections, including objections based on client confidentiality and privacy. (Dkt. Doc. 6 (hereinafter "Opposition" p. 5.) Yet, the Ninth Circuit case it cites for this premise is to the contrary as it specifically limits non-party discovery on analogous facts. Indeed, the *Shoen* court determined that a "showing that the information sought is not obtainable from another source" was required "at a minimum," and that "the requesting party must demonstrate that she has exhausted all reasonable alternative means for obtaining the information." *Shoen,* 5 F. 3d at 1296. The court went on to highlight the value and importance of pursuing deposition testimony from party witnesses prior to burdening a non-party. *Id*. In *Shoen*, the requesting party failed to take the deposition of the party, despite the fact that he was likely in possession of the same information sought from the non-party. *Id*.

In fact, exactly as HASelect did here, the requesting party in *Shoen* "abandoned their attempt to discover" the information from the party after serving written discovery "which produced uninformative answers." *Id*. at 1297. The court emphasized that arguments that party-discovery could be "time-consuming, costly and unproductive" do not allow a party to "escape their obligation to exhaust alternative sources." *Id*., citing *Zerilli v. Smith*, 656 F.2d 705, 715.

Here, in April 2022, HASelect refused to bring a motion to compel against the actual party it is litigating against, Tecumseh, when it objected to producing Three Bell communications. It thereby prevented the Nevada bankruptcy court from determining whether such documents are discoverable under Rule 26. Its excuse of lack of time and expense is nonsense. The relevance issue was ripe for adjudication in Nevada in April but instead HASelect decided to harass Three Bell with process servers over the holidays, retain a large firm as local counsel, and file a 30-page opposition to a Motion to Quash with more than 200 pages of attachments.

Remarkably, given the Ninth Circuit law it cites in its own opposition, HASelect concedes it failed to pursue this discovery against Tecumseh after receiving what it deemed was an incomplete response to written discovery, never pursued depositions, and failed to move to compel further responses because its attorney claims there is not enough time due to the close of discovery and impending trial date. *Id.* Counsel also indicated that HASelect does not desire to incur the costs associated with the motion practice necessary to pursue party-discovery. *See* Dkt. Doc.1-9 (Zonne Dec.) p. 4, ¶¶13-14. This conduct supports Rule 45 fees.

C. **HASelect Fails to Establish the Relevance of The 19 Broad Categories Of Document Discovery It Seeks From Three Bell**

HASelect lists 11 alleged issues left to be determined in the Nevada bankruptcy action. (Opposition, p. 4:13 – 5:11). None of them mention Three Bell. All the issues involve Tecumseh, yet HASelect has taken no deposition discovery of Tecumseh or sought to compel production of Three Bell communications from it. Based on the Opposition, Three Bell suspects that HASelect would lose a motion to compel against Tecumseh on the production of such documents. Regardless, HASelect certainly must litigate the Rule 26 scope issue with

Tecumseh in Nevada first, not in this Court, with a non-party. Finally, HASelect's generalized relevance arguments are meaningless given the broad scope of the requests. The law requires that HASelect establish the relevance of each of its 19 requests. *Miller v. Ghirardelli Chocolate Co.*, 2013 WL 6774072, at *2 (N.D. Cal. Dec. 20, 2013) It failed to do so.

### D. The Burden On Three Bell Outweighs Any Possible Relevance Of The Discovery Sought.

HASelect admits that even if it can justify its pursuit of its 19 document requests from a non-party, the Court must weigh the burden to Three Bell against the value of the information sought. *See* Opposition. pp. 6-7, citing *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637. Here, responding to the 19 document requests would cost Three Bell between $197,292 and $389,592 *See* Declaration of Jeremy Hanika in Support of Reply. Finally, the Opposition fails to explain how asking for this amount of material on essentially 14 days' notice in the middle of the holiday season is reasonable, or how it justifies seeking information of such confidential nature as Three Bell's communications on behalf of its clients with third-parties. *See* Rule 45 (3) (A) (i) and (iii). Based on the requests, even if a subpoena was served properly, it would likely take months to comply. HASelect cannot carry its Rule 45 burden to compel compliance.

### E. Three Bell Should Recover Its Fees In Dealing With This Matter.

HASelect's participation in the meet-and-confer process does not insulate it or its counsel from sanctions. In fact, counsel's abandonment of earlier meet and confer and swift agreements to somewhat arbitrarily limit the scope are evidence that the Subpoena was overbroad and unnecessary at the outset. Further, the threat by HASelect's parent, HedgeAct, early last year of which this motion is a culmination, cannot be overlooked. Three Bell is entitled to its fees.

Dated: January 9, 2023

Respectfully submitted,

THOITS LAW

By: /s/ Mark V. Boennighausen
Mark V. Boennighausen
Dinah Ortiz
Melissa Zonne
**Attorneys for Non-Party Three Bell Capital**

3
THREE BELL CAPITAL'S REPLY ISO MOTION TO QUASH HASELECT-MEDICAL'S SUBPOENA