Mark V. Boennighausen/Bar No. 142147
mboennighausen@thoits.com
Dinah Ortiz/Bar No. 273556
dortiz@thoits.com
Melissa Zonne/Bar No. 301581
mzonne@thoits.com
**THOITS LAW**
A Professional Corporation
400 Main Street, Suite 205
Los Altos, California 94022
Telephone:  (650) 327-4200
Facsimile:  (650) 325-5572

Attorneys for Non-Party
Three Bell Capital

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| **In Re: Three Bell Capital Document Subpoena** | Case No.  5:22-mc-80338-NC |
| Served in related cases: | **DECLARATION OF MELISSA K. ZONNE** |
| *In re Infinity Capital Management, Inc. U.S. Bankruptcy Court, District of Nevada Case No. 21-14486-abl* | [Submitted in support of Three Bell's Status Report and concurrently with Three Bell's [Proposed] Order on Motion to Quash] |
| *and adversary proceeding* | |
| *HASelect-Medical Receivables Litigation Finance Fund International SP v. Tecumseh-Infinity Medical Receivables Fund, LP, Adv. Proc. No. 21-01167-abl* | Hearing Date:  January 18, 2023<br>Time:          11:30 a.m.<br>Judge:         Nathanael M. Cousins |

*THOITS LAW*
*A PROFESIONAL CORPORATION*

## DECLARATION OF MELISSA K. ZONNE

I, Melissa K. Zonne, declare:

1.      I am over eighteen years of age and am competent to testify about the matters set forth herein.

2.      I am an attorney at Thoits Law, admitted to practice law in California, including in the U.S. District Court for the Northern District of California.  I am one of the principal attorneys at Thoits working on this matter on behalf of our client Three Bell Capital ("Three Bell").  I have personal knowledge of the following facts due to my direct personal involvement in them.

3.      I have been involved in this matter with my colleague Mark Boennighausen since January 2022.

4.      On December 21, 2022, Three Bell filed a Motion to Quash and/or Enter a Protective Order ("Motion") relating to a subpoena HASelect-Medical Receivables Litigation Finance Fund International SP ("HASelect") attempted to serve upon Three Bell in December 2022.

5.      This Court convened a hearing on the Motion on January 11, 2023. The Court continued the hearing by one week and requested that the parties further meet-and-confer and submit either a joint statement regarding a resolution, or separate proposed orders in support of the Motion (or HASelect's opposition thereto). I submit this declaration to accompany Three Bell's proposed order and provide a status update to the Court, as well as fee information for the sanctions and fees sought in the Order by Three Bell.

The Parties' Meet and Confer

6.      On January 12th, HASelect's counsel sent a revised list, reducing the original nineteen Subpoena categories to seven categories of documents, from a number of email accounts of three Three Bell employees, for a period of two years. Mr. Boennighausen responded to this email, informing counsel that, consistent with its Motion, Three Bell would still seek at least a portion of the attorneys' fees it has

1

DECLARATION OF MELISSA K. ZONNE

incurred in this matter, inquiring as to the status of its efforts to pursue discovery directly from the party defendant Tecumseh-Infinity Medical Receivables Fund, LP ("Tecumseh") rather than non-party Three Bell, and agreeing to reach out to schedule a meet-and-confer call. A true and correct copy of this email is attached hereto as **Exhibit A**.

7.    We also sent HASelect's revised list to our eDiscovery expert, Jeremy Hanika, who calculated the estimated cost and time Three Bell would have to expend in order to respond to the revised Subpoena requests.

8.    I reached out to counsel for HASelect to coordinate a call. HASelect's counsel Bart Larsen and I participated in a meet-and-confer call on January 16, 2023.

9.    During our call, Mr. Larsen informed me that while HASelect does intend to depose Tecumseh "next month," they did not currently have any depositions noticed or scheduled.  He also informed me that counsel for Tecumseh indicated as recently as last week that it may produce the "Three Bell emails." Mr. Larsen also told me HASelect would likely move to compel discovery from Tecumseh, but had not yet done so in any capacity.

10.    I informed Mr. Larsen of the estimated cost associated with the collection, search, culling and review of the documents sought by the new requests, and that Three Bell was not inclined to come to any agreement without a commitment from HASelect to pay the associated costs (and at least a portion of the outstanding fees). Mr. Larsen indicated he would consult his client, but he believed the amount to be unreasonable because he and his client do not believe that many responsive documents exist. Mr. Larsen asked me to send more detail regarding the cost estimate to him so that he could consult his client.

11.    Shortly after our call, I spoke to Mr. Hanika again to get more detail, and sent a follow-up email to Mr. Larsen detailing the estimate and our position. I asked for a response by 8 p.m. given the filing deadline the following morning. I

THOITS LAW
A PROFESIONAL CORPORATION

2

1    received no response from Mr. Larsen or anyone else on behalf of HASelect and

2    thus Three Bell has submitted a Proposed Order on its Motion. A true and correct

3    copy of my email is attached hereto as **Exhibit B**.

4    Support for Sanctions and Fees Request

5        12.    Pursuant to the Northern District's local rule 54-5(b)(2) and (3), I am

6    including below a statement of the services rendered by each person for whose

7    services fees are claimed and a brief description of the qualifications and experience

8    and customary hourly rates of each such person.

9        13.    Mark Boennighausen: Mr. Boennighausen's is Of-Counsel to Thoits

10   Law.  The majority of his practice is civil trial work. His qualifications and

11   experience are described in the attached biographical summary, marked as **Exhibit**

12   **C**. Mr. Boennighausen generally supervised the drafting, as well as drafted himself,

13   the Motion and its accompanying documents, and communicated with counsel for

14   HASelect and his client regarding the Subpoena. Mr. Boennighausen also appeared

15   at the initial hearing on the Motion. Mr. Boennighausen graduated from U.C.

16   Berkeley School of Law (Boalt Hall) in 1989 and has over 25 years of litigation

17   experience. While working at Thoits Law, he has litigated many complex business

18   matters, including working with him on multiple arbitrations and trials.  Prior to

19   working at Thoits, he had substantial trial and arbitration experience, including

20   representing Bank of America at trial in *KC Multimedia v. Bank of America* (2009)

21   171 Cal.App.4th 939 and Morgan Stanley & Co, Inc. in *Affonso v. Metropolitan*

22   *Life Ins. Co et. al*, 2012 WL 1496192, (N.D.Cal 2012 (NO. C 10-5054 PJH)).   My

23   customary billable rate at Thoits Law is currently $515.  He has informed that other

24   lawyers in large and mid-size large firm in the Bay, with similar and often much

25   less experience than him bill clients at much higher rates, including rates at more

26   than $1,000 an hour.

27       14.    Melissa K. Zonne: I am also Of Counsel to Thoits Law.  The majority

28   of my practice is civil trial work.  My qualifications and experience are described

THOITS LAW
A PROFESIONAL CORPORATION

3

in the attached biographical summary, marked as **<u>Exhibit D</u>**. My customary hourly rate is $475. Along with Mr. Boennighausen, I have been the primary drafter of the Motion and accompanying documents, and have participated in the majority of the meet-and-confer calls and correspondence with counsel for HASelect. Prior to joining Thoits, Ms. Zonne worked as a litigation attorney at Allen Matkins Leck Gamble Mallory & Natsis LLP with a significantly higher billing rate.

15.     Recently, Thoits hourly rates consistent with those submitted with this fee request were approved in the Northern District of California case of *Skyline Advanced Technology Services v. Shafer*, Case No. 18-cv-06641-CRB (RMI).  See *Skyline Advanced Technology Services v. Shafer*, 2020 WL 7025081 * 3 (N.D. CA 2020) (awarding fees and costs associated with spoliation sanctions motion and explaining the court finds that "even the highest rate charged by any of [Thoits' attorneys] ($625 per hour) is a reasonable hourly rate because it is lower than the prevailing rates in this district for attorneys of comparable skill and reputation.").

16.     Also pursuant to Local Rule 54-5(b)(2) I am attaching to this declaration, marked **<u>Exhibits E and F</u>**, true and correct copies of a summary of the time spent on this case by myself and Mr. Boennighausen, and for which fees are sought.  The total amount billed to the clients for this work as summarized in the time records is: $29,413.50. The work reflected in these time records were for the following major activities from HASelect's attempts to subpoena this information from Three Bell in December 2022 through the Proposed Order and this Declaration in January 2022:

(1) Ongoing meet and confer email correspondence and phone calls with counsel for HASelect regarding the Subpoena at issue;

(2) The drafting and preparation of the Motion to Quash and accompanying documents, including an analysis of the time and expense associated with a response to the Subpoena;

(3) Attending the January 11, 2023 hearing on the Motion; and

**THOITS LAW**
A PROFESIONAL CORPORATION

4

THOITS LAW
A PROFESIONAL CORPORATION

1       (4)  Preparation of the Proposed Order and this declaration, along

2    with fee request information and exhibits.

3       The time records that are the subject of this declaration were maintained in

4    the following manner: Thoits Law maintains and utilizes enterprise software

5    developed and supported by SurePoint® Technologies for practice and financial

6    management and time-keeping.  SurePoint is a recognized provider of financial

7    and practice management software to law firms nationwide. The software allows

8    all attorneys to enter and maintain accurate, current time incurred on any matter,

9    and includes a variety of reporting functions to itemize, summarize and analyze

10   time. All time keepers referenced above used the software to accurately and

11   efficiently capture billable time whether working in the office or remotely.  I have

12   generally included all descriptions of the work done by each attorney, except for

13   minor redactions of descriptions I considered contained attorney-client privilege

14   communications and/or work-product.

15      I declare under penalty of perjury under the laws of the State of California

16   that the foregoing is true and correct and that this declaration was executed this

17   17th day of January, 2023 at Los Angeles, California.

18

19               /s/ Melissa K. Zonne____

20               **Melissa K. Zonne**

21

22

23

24

25

26

27

28

5

DECLARATION OF MELISSA K. ZONNE

# Exhibit A

**From:** Boennighausen, Mark V.
**Sent:** Thursday, January 12, 2023 4:58 PM
**To:** Kyle Wyant
**Cc:** Bart Larsen; Zonne, Melissa; Lawal, Monica
**Subject:** RE: In re: Infinity Capital Management, Inc. - Subpoenas to Three Bell

Kyle,

Thanks for the e-mail.  We will forward this to our ediscoery professional to get an estimate of the cost  of responding and Ms. Zonne will set up a call to discuss.  We have not and will not agree to a hard cap on costs and we believe Three Bell is entitled to at least a portion of the roughly $25,000 our client has incurred in responding to your client's attempt to subpoena Three Bell.  See *Nitsch v. DreamWorks Animation SKG Inc.*, 2017 WL 930809. (ND CA 2017) (awarding more than $50,000 to non-party in responding to document requests, including attorney fees incurred responding).

On the call, please also be prepared to discuss the status of your client's discovery against Tecumseh, including bringing a motion to compel the Three Bell communications from it and when and if your client will be taking any Tecumseh depositions in the near future.

As stated in our motion, our client believes this endeavor is harassing conduct and it is unfortunate it took this long to get specific narrowed requests despite Ms. Zonne asking for such information back in March 2022 and that  prior to seeking information from Three Bell in January 2022 and December 2022 your client had not sought this information directly from the adversary party, Tecumseh, in Nevada through a motion to compel and deposition testimony.

Best regards,

Mark

---

**From:** Kyle Wyant [mailto:kwyant@shea.law]
**Sent:** Thursday, January 12, 2023 4:37 PM
**To:** Boennighausen, Mark V. <MBoennighausen@thoits.com>; Zonne, Melissa <MZonne@thoits.com>; Lawal, Monica <MLawal@thoits.com>
**Cc:** Bart Larsen <blarsen@shea.law>
**Subject:** Re: In re: Infinity Capital Management, Inc. - Subpoenas to Three Bell

Good afternoon, Mark –

Per the Judge's instructions from the hearing yesterday, please find our proposal regarding limiting the subpoena (to two categories) and costs:

- Communications between Three Bell Capital and **FTM** from January 1, 2020 through December 31, 2021
  - Three Bell Capital (Jon Porter [jon@three-bell.com] or any email used by him for Three Bell business during the above-referenced time frame, Will Martin [will@three-bell.com] or any email used by him for Three Bell business during the above-referenced time frame, and/or Eric

Patterson [eric@three-bell.com] or any email used by him for Three Bell business during the above-referenced time frame) and **FTM** (Endre Debozy [endre@ftm-investments.com] and/or Bill Dalzell [bill@ftm-investments.com, dalzellbb@mithril.ca] )

- Communications between Three Bell Capital and **Infinity** from January 1, 2020 through December 31, 2021

  o Three Bell Capital (Jon Porter [jon@three-bell.com] or any email used by him for Three Bell business during the above-referenced time frame, Will Martin [will@three-bell.com] or any email used by him for Three Bell business during the above-referenced time frame, and/or Eric Patterson [eric@three-bell.com] or any email used by him for Three Bell business during the above-referenced time frame) and **Infinity** (Oliver Hemmers [oliver@infinitycapital.com, oliver@infinityhealth.com, oliver@infinityhealth.solutions, oliver.hemmers@gmail.com, ohemmers@hotmail.com, and ohemmers@icloud.com] and/or Anne Pantelas [anne@infinitycapital.com, anne@infinityhealth.com, and anne@infinityhealth.solutions])

- These two sets of communications would be limited to the following subject matter (with potential search terms included):

  o 1. Any purchase, collection, sale, assignment, transfer or other disposition of accounts receivable owned or serviced by Infinity; (key search terms would include "A/R" "AR" "accounts" "receivable!" "sale" "assign!" "transfer" "collect!" "buy" "purchase!" "transfer")

  o 2. The status, value, handling, or disposition of accounts receivable owned or serviced by Infinity or any other personal property pledged by Infinity as collateral for any indebtedness owed to HASelect; (key search terms to look for (in addition to those encompassed by the above terms) would include "value" "recover" "worth" "servic!")

  o 3. Any actual or contemplated transfer by Infinity to Tecumseh of accounts receivable owned or serviced by Infinity or any other personal property pledged by Infinity as collateral for any indebtedness owed to HASelect (key search terms (in addition to those encompassed by the above terms) would be "HASelect" "Hedgeact" "collateral")

  o 4. Any transactions taking place between Infinity and Tecumseh or the nature of Infinity's business relationship with Tecumseh; (key search terms (in addition to those encompassed by the above terms) would be "Tecumseh" and "Infinity")

  o 5. Any transactions taking place between FTM and Tecumseh or the nature of FTM's business relationship with Tecumseh; (key search terms (in addition to those encompassed by the above terms) would be "FTM" and "relationship" and "business")

  o 6. Infinity's bankruptcy filing; or (key search terms (in addition to those encompassed by the above terms) would be "bankruptcy")

  o 7. Any request by FTM, Infinity, or Tecumseh that Three Bell Capital seek a redemption of its investment in HASelect or take other action against HASelect. (key search terms (in addition to those encompassed by the above terms) would be "redemption" or "redeem" or "recover" or "get out" or "extract" or "HASelect" or "Hedge" or "invest!").

- The totality of search terms to look for in the above-referenced emails would thus be as follows: "A/R" "AR" "accounts" "receivable!" "sale" "assign!" "transfer" "collect!" "buy" "purchase!" "value" "money" "worth" "servic!" "collateral" "FTM" "relationship" "business" "Tecumseh" "Infinity" "HASelect" "Hedge" "invest" "recover!" "redemption" "redeem" "get out" "extract" "bankruptcy" "adversary" "proceed!"

Based on your previous email stating that such a search would cost no more than $10,000 for these two categories, HASelect is willing to reimburse Three Bell's reasonable and actual costs in an amount of up to $10,000 on the condition that substantiating documentation supporting such costs is provided.

Best,

Kyle M. Wyant, Esq.
SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Office: (702) 471-7432
Direct: (702) 779-3816
Mobile: (301) 606-4092
Email: kwyant@shea.law

This message was sent from Shea Larsen and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

# Exhibit B

| From: | Zonne, Melissa |
|---|---|
| Sent: | Monday, January 16, 2023 4:15 PM |
| To: | Bart Larsen |
| Cc: | Boennighausen, Mark V.; Kyle Wyant; Lawal, Monica; Hanika, Jeremy |
| Subject: | RE: In re: Infinity Capital Management, Inc. - Subpoenas to Three Bell |

Bart:

Thanks for speaking with me. To follow-up on our call, I spoke to Jeremy, our eDiscovery expert, and can provide this further detail:

The upfront burden is the collection of the entire PST files of each of the email addresses you have requested for the 2 year period sought. Collection, processing and searching will be based on that large volume. Even if you are correct that ultimately there are only a few hundred responsive documents, we still need to conduct a review of exponentially more documents than that in order to rule out any false positives and locate those responsive documents, even after we run search terms from your request.

Below is Jeremy's estimated breakdown based on his extensive experience conducting collection/review, with a conservative cost estimate of approximately: $58,225. Jeremy does agree that if you are correct that the review volume should be vastly reduced because there aren't that many communications between these parties, this amount will go down; nevertheless, the review estimate is not predicated on the number of responsive documents *after* the review, but rather the number of documents with search term hits and their respective family members.

However, as I mentioned on the call, my client still considers this to be harassment and believes the subpoena will be quashed and fees awarded based on the law and the record.  Additionally, my client will not consider compromising its position without a commitment that your client will pay the full amount spent, including the roughly $25,000 in attorney fees, whatever that ends up being. If you are confident the review cost would be far less than the below amount, then perhaps your client is willing to agree to that.

Collection (2 to 3 hours): $800 to $1,200
Processing (2 to 3 hours): $800 to $1,200
Searching (2 to 3 hours): $800 to $1,200
Review (500 to 1000 hours): $30,000 to $60,000
Quality Control (50 to 100 hours): $4,500 to $12,000
Production (2 to 3 hours): $800 to $1,200
Data storage: (18 GB) $1,250

Total: $38,950 to $78,500

As a reminder, my client would not be able to complete this process and produce documents until, *at the earliest*, mid-February.

Please let me know your client's position on this, or alternatively, if, as we discussed, your client is willing to drop this endeavor and I can speak to my client about agreeing not to pursue fees. As stated, my client has already spent more than $25,000 in fees and they continue to accrue.

Alternatively, we would ask that your client abandon all efforts to burden Three Bell with this discovery while it pursues party discovery. You represented that Tecumseh depositions are not yet on calendar, but you hope to take them next month. You also mentioned that you expect to move to compel documents from Tecumseh as well, and that counsel for

1

Tecumseh told you as recently as last week that the "Three Bell documents" may be forthcoming even without a motion. As we discussed, it is entirely inappropriate to pursue this information from a third-party without first pursuing the documents from the party itself, and it is unclear why that has not been done. We expect you to take these measures with the same urgency and effort as you have pursued the subpoena(s) against my client. We will raise this issue again with Judge Cousins if your client does not agree to abandon its improper and burdensome non-party discovery.

Please let me know your thoughts – I look forward to hearing from you.  Given the timing of our filing tomorrow morning, I need a response in writing by 8pm.

Melissa

**Melissa Zonne**
**Thoits Law** | 400 Main St, #250, Los Altos, CA 94022
650.327.4200 | www.thoits.com | MZonne@thoits.com

**Confidentiality Notice.**  The information contained in this e-mail and any accompanying attachments, all of which may be confidential or privileged, is intended only for use by the person or entity to whom it is addressed.  If you are not the intended recipient, any unauthorized use, disclosure or copying of this e-mail and its contents is strictly prohibited and may be unlawful.  If you are not the intended recipient, please immediately notify the sender by return e-mail and delete the original message and all copies from your system.  Thank you.

---

**From:** Bart Larsen [mailto:blarsen@shea.law]
**Sent:** Monday, January 16, 2023 12:50 PM
**To:** Zonne, Melissa <MZonne@thoits.com>
**Cc:** Boennighausen, Mark V. <MBoennighausen@thoits.com>; Kyle Wyant <kwyant@shea.law>; Lawal, Monica <MLawal@thoits.com>; Hanika, Jeremy <JHanika@thoits.com>
**Subject:** RE: In re: Infinity Capital Management, Inc. - Subpoenas to Three Bell

3pm would be fine.  I'll be available at (702) 321-6528.

Thanks.

Bart K. Larsen, Esq.
SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Office: (702) 471-7432
Direct: (702) 255-0098
Mobile: (702) 321-6528
Email: blarsen@shea.law

This message was sent from Shea Larsen PC and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

---

**From:** Zonne, Melissa <MZonne@thoits.com>
**Sent:** Monday, January 16, 2023 12:30 PM
**To:** Bart Larsen <blarsen@shea.law>
**Cc:** Boennighausen, Mark V. <MBoennighausen@thoits.com>; Kyle Wyant <kwyant@shea.law>; Lawal, Monica <MLawal@thoits.com>; Hanika, Jeremy <JHanika@thoits.com>
**Subject:** Re: In re: Infinity Capital Management, Inc. - Subpoenas to Three Bell

Can we push this to 3pm? If so, let me know the best number for you today and I'll call you then.

On Jan 16, 2023, at 8:19 AM, Bart Larsen <blarsen@shea.law> wrote:

 Would 2:00 pm work?

Sent from my iPhone

On Jan 16, 2023, at 7:58 AM, Zonne, Melissa <MZonne@thoits.com> wrote:

Bart - How is your schedule this afternoon? I'm fairly open.

On Jan 13, 2023, at 4:11 PM, Bart Larsen <blarsen@shea.law> wrote:

Would 10:00 am on Sunday work?  If not, I can be available any time on Sunday or Monday.

Thanks.

Bart K. Larsen, Esq.
SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Office: (702) 471-7432
Direct: (702) 255-0098
Mobile: (702) 321-6528
Email: blarsen@shea.law

This message was sent from Shea Larsen PC and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

**From:** Zonne, Melissa <MZonne@thoits.com>
**Sent:** Friday, January 13, 2023 3:42 PM
**To:** Boennighausen, Mark V. <MBoennighausen@thoits.com>; Kyle Wyant <kwyant@shea.law>
**Cc:** Bart Larsen <blarsen@shea.law>; Lawal, Monica <MLawal@thoits.com>; Hanika, Jeremy <JHanika@thoits.com>
**Subject:** RE: In re: Infinity Capital Management, Inc. - Subpoenas to Three Bell

Kyle,
Please let me know your availability for a short call to discuss. Given the

3

short turnaround time on this, I am available this weekend, or Monday morning. Thank you.

**Melissa Zonne**
**Thoits Law** | 400 Main St, #250, Los Altos, CA 94022
650.327.4200 | www.thoits.com | MZonne@thoits.com

Confidentiality Notice. The information contained in this e-mail and any accompanying attachments, all of which may be confidential or privileged, is intended only for use by the person or entity to whom it is addressed. If you are not the intended recipient, any unauthorized use, disclosure or copying of this e-mail and its contents is strictly prohibited and may be unlawful. If you are not the intended recipient, please immediately notify the sender by return e-mail and delete the original message and all copies from your system. Thank you.

**From:** Boennighausen, Mark V.
**Sent:** Thursday, January 12, 2023 4:58 PM
**To:** Kyle Wyant <kwyant@shea.law>
**Cc:** Bart Larsen <blarsen@shea.law>; Zonne, Melissa
<MZonne@thoits.com>; Lawal, Monica <MLawal@thoits.com>
**Subject:** RE: In re: Infinity Capital Management, Inc. - Subpoenas to Three Bell

Kyle,

Thanks for the e-mail. We will forward this to our ediscoery professional to get an estimate of the cost of responding and Ms. Zonne will set up a call to discuss. We have not and will not agree to a hard cap on costs and we believe Three Bell is entitled to at least a portion of the roughly $25,000 our client has incurred in responding to your client's attempt to subpoena Three Bell. See *Nitsch v. DreamWorks Animation SKG Inc.*, 2017 WL 930809. (ND CA 2017) (awarding more than $50,000 to non-party in responding to document requests, including attorney fees incurred responding).

On the call, please also be prepared to discuss the status of your client's discovery against Tecumseh, including bringing a motion to compel the Three Bell communications from it and when and if your client will be taking any Tecumseh depositions in the near future.

As stated in our motion, our client believes this endeavor is harassing conduct and it is unfortunate it took this long to get specific narrowed requests despite Ms. Zonne asking for such information back in March 2022 and that prior to seeking information from Three Bell in January 2022 and December 2022 your client had not sought this information directly from the adversary party, Tecumseh, in Nevada through a motion to compel and deposition testimony.

Best regards,

Mark

---

**From:** Kyle Wyant [mailto:kwyant@shea.law]
**Sent:** Thursday, January 12, 2023 4:37 PM
**To:** Boennighausen, Mark V. <MBoennighausen@thoits.com>; Zonne,
Melissa <MZonne@thoits.com>; Lawal, Monica <MLawal@thoits.com>
**Cc:** Bart Larsen <blarsen@shea.law>
**Subject:** Re: In re: Infinity Capital Management, Inc. - Subpoenas to
Three Bell

Good afternoon, Mark –

Per the Judge's instructions from the hearing yesterday, please find our
proposal regarding limiting the subpoena (to two categories) and costs:

1. Communications between Three Bell Capital and **FTM**
   from January 1, 2020 through December 31, 2021
   1. Three Bell Capital (Jon Porter [jon@three-bell.com]
      or any email used by him for Three Bell business
      during the above-referenced time frame, Will
      Martin [will@three-bell.com] or any email used by
      him for Three Bell business during the above-
      referenced time frame, and/or Eric Patterson
      [eric@three-bell.com] or any email used by him for
      Three Bell business during the above-referenced
      time frame) and **FTM** (Endre Debozy [endre@ftm-
      investments.com] and/or Bill Dalzell [bill@ftm-
      investments.com, dalzellbb@mithril.ca] )
2. Communications between Three Bell Capital and **Infinity**
   from January 1, 2020 through December 31, 2021
   1. Three Bell Capital (Jon Porter [jon@three-bell.com]
      or any email used by him for Three Bell business
      during the above-referenced time frame, Will
      Martin [will@three-bell.com] or any email used by
      him for Three Bell business during the above-
      referenced time frame, and/or Eric Patterson
      [eric@three-bell.com] or any email used by him for
      Three Bell business during the above-referenced
      time frame) and **Infinity** (Oliver Hemmers
      [oliver@infinitycapital.com,
      oliver@infinityhealth.com,
      oliver@infinityhealth.solutions,
      oliver.hemmers@gmail.com,
      ohemmers@hotmail.com, and
      ohemmers@icloud.com] and/or Anne Pantelas
      [anne@infinitycapital.com,
      anne@infinityhealth.com, and
      anne@infinityhealth.solutions])

3. These two sets of communications would be limited to the following subject matter (with potential search terms included):

   1. 1. Any purchase, collection, sale, assignment, transfer or other disposition of accounts receivable owned or serviced by Infinity; (key search terms would include "A/R" "AR" "accounts" "receivable!" "sale" "assign!" "transfer" "collect!" "buy" "purchase!" "transfer")

   2. 2. The status, value, handling, or disposition of accounts receivable owned or serviced by Infinity or any other personal property pledged by Infinity as collateral for any indebtedness owed to HASelect; (key search terms to look for (in addition to those encompassed by the above terms) would include "value" "recover" "worth" "servic!")

   3. 3. Any actual or contemplated transfer by Infinity to Tecumseh of accounts receivable owned or serviced by Infinity or any other personal property pledged by Infinity as collateral for any indebtedness owed to HASelect (key search terms (in addition to those encompassed by the above terms) would be "HASelect" "Hedgeact" "collateral")

   4. 4. Any transactions taking place between Infinity and Tecumseh or the nature of Infinity's business relationship with Tecumseh; (key search terms (in addition to those encompassed by the above terms) would be "Tecumseh" and "Infinity")

   5. 5. Any transactions taking place between FTM and Tecumseh or the nature of FTM's business relationship with Tecumseh; (key search terms (in addition to those encompassed by the above terms) would be "FTM" and "relationship" and "business")

   6. 6. Infinity's bankruptcy filing; or (key search terms (in addition to those encompassed by the above terms) would be "bankruptcy")

   7. 7. Any request by FTM, Infinity, or Tecumseh that Three Bell Capital seek a redemption of its investment in HASelect or take other action against HASelect. (key search terms (in addition to those encompassed by the above terms) would be "redemption" or "redeem" or "recover" or "get out" or "extract" or "HASelect" or "Hedge" or "invest!").

4. The totality of search terms to look for in the above-referenced emails would thus be as follows: "A/R" "AR" "accounts" "receivable!" "sale" "assign!" "transfer" "collect!" "buy" "purchase!" "value" "money" "worth" "servic!" "collateral" "FTM" "relationship" "business" "Tecumseh" "Infinity" "HASelect" "Hedge" "invest"

"recover!" "redemption" "redeem" "get out" "extract" "bankruptcy" "adversary" "proceed!"

Based on your previous email stating that such a search would cost no more than $10,000 for these two categories, HASelect is willing to reimburse Three Bell's reasonable and actual costs in an amount of up to $10,000 on the condition that substantiating documentation supporting such costs is provided.

Best,

Kyle M. Wyant, Esq.
SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Office: (702) 471-7432
Direct: (702) 779-3816
Mobile: (301) 606-4092
Email: kwyant@shea.law

This message was sent from Shea Larsen and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

# Exhibit C

# THOITS LAW



## Mark V. Boennighausen
Of Counsel

mboennighausen@thoits.com
**Tel:** (650) 327-4200

A senior member of the firm's litigation group, Mark started his legal career in 1989 at the Silicon Valley office of the large national law firm of Thelen, Marrin, Johnson & Bridges, where he had a general commercial litigation practice.

### PRACTICES

Litigation
Trusts & Estates Litigation
Real Estate and Construction Litigation
Intellectual Property and Complex Litigation
Employment Litigation
Business and Commercial Litigation

### EDUCATION

- University of California Berkeley, J.D., 1989
  Moot Court Board Member Senior Articles Editor, *Berkeley Technology Law Journal*
- University of Notre Dame, B.A. *with honors*, 1985
  Double Major: Government, Computer Applications

One of his first significant cases was working on a construction claim involving the San Jose Convention center.

In 1992, Mark joined American Lawyer Media. He spent 10 years at the company eventually running its Internet business, which led to him becoming Vice-President of Content Operations for Law.com. As a result, Mark gained extensive experience with Internet technologies and media legal issues.

In 2003, Mark returned to the private practice of law. He has specific expertise in trade secret law, as well as commercial disputes involving technology companies. Consistent with clients appreciating his sound advice, he also provides counseling to clients on commercial contracts and business negotiations.

Mark was a member of the successful Bank of America trial team in the case that resulted in the widely cited and significant reported California appellate decision establishing the trade secret pre-emption doctrine: KC Multimedia v. Bank of America (2009) 171 Cal.App.4th 939. Mark also successfully represented Morgan Stanley & Co, Inc. in Affonso v. Metropolitan Life Ins. Co et. al 2012 WL 1496192, (N.D.Cal 2012 (NO. C 10-5054 PJH)), where he obtained dismissal of the claim against his client on summary judgment. He has also represented small technology companies ensnared in class action litigation involving privacy claims.

Consistent with Thoits commitment to giving back to the community, Mark is also active in community volunteer work, having helped coach numerous youth sports teams, and served on the boards of local community organizations, including as treasurer of the Los Altos Education Foundation and a Committee Chair of the local scout troop. He lives in Los Altos, with his wife Sue, and their two children.

# Exhibit D

# THOITS LAW



## Melissa K. Zonne
Of Counsel

mzonne@thoits.com
**Tel:** (650) 327-4200

Melissa Zonne is an Of Counsel attorney in the firm's Litigation Group, where she advocates for commercial and individual clients on complex matters.

Melissa's practice focuses on business and contract litigation and commercial and residential real estate disputes. She also has experience litigating rent reset arbitrations, and construction defect, labor and employment and receivership matters. Melissa has successfully represented a variety of clients in trial, arbitration and mediation, and has experience in federal and state courts throughout California and the United States.

Prior to joining Thoits Law, Melissa served as Senior Counsel in the litigation department at Allen Matkins. Melissa earned her J.D. from USC School of Law, where she served as the Chair of the Moot Court Honors Program. She also received a B.A. in Journalism from USC. Melissa's dedication to serving her community includes pro bono work with Public Counsel and the Alliance for Children's Rights, and personal work with Midnight Mission and animal rescue organizations.

Melissa is a lifelong Southern Californian residing in Los Angeles. When not practicing law, she enjoys getting outdoors with her family.

## PRACTICES

Litigation
Employment Litigation
Real Estate and Construction Litigation

## EDUCATION

University of Southern California, Gould School of Law, J.D., 2014
University of Southern California, B.A., 2011

## ADMISSIONS

California

(650) 327 4200
400 Main Street, Suite 250
Los Altos, CA 94022

© 2022 Thoits Law. All Rights Reserved.
ATTORNEY ADVERTISING. Prior results do not guarantee a similar outcome.

# Exhibit E

**Time Report**

Billed and Unbilled

Three Bell Capital, LLC / Hedge Act (209569-002)

| Date | Attorney | Name | Staff Level | Description | Rate | Orig Hrs | Orig Amt | Orig Rate | Rev Hrs | Rev Amt | Rev Rate | Service | Status | Narrative | Posted |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/05/2022 | 153 | Boennighausen, Mark V. | 25 | OF COUNSEL | 1 | 0.80 | 412.00 | 515.00 | 0.80 | 412.00 | 515.00 | 10000 | Unbilled | Review subpoena; communications with client re: same; call with counsel from defendant in bankruptcy adversary proceeding re: status. | 2/2023 |
| 12/05/2022 | 279 | Zonne, Melissa K | 25 | OF COUNSEL | 1 | 0.50 | 237.50 | 475.00 | 0.50 | 237.50 | 475.00 | 10000 | Unbilled | Confer re: subpoenas. Correspondence re: previous communications and next steps. | 2/2023 |
| 12/05/2022 | 313 | Rajaee, Omeed | 20 | ASSOCIATE | 1 | 0.60 | 240.00 | 400.00 | 0.60 | 240.00 | 400.00 | 10000 | Unbilled | Review and analysis re: subpoena and meet and confer correspondences; call with Thoits team re: same; legal research in support of meet and confer letter re: subpoena. | 2/2023 |
| 12/06/2022 | 153 | Boennighausen, Mark V. | 25 | OF COUNSEL | 1 | 1.10 | 566.50 | 515.00 | 1.10 | 566.50 | 515.00 | 10000 | Unbilled | Communications with client re: Hedge Act subpoena; brief research re: service issues; revise and edit draft letter; communications with M. Zonne re: finalizing letter. | 2/2023 |
| 12/06/2022 | 279 | Zonne, Melissa K | 25 | OF COUNSEL | 1 | 1.20 | 570.00 | 475.00 | 1.20 | 570.00 | 475.00 | 10000 | Unbilled | Confer re: service and previous correspondence. Revise and finalize letter response re: subpoena. | 2/2023 |
| 12/06/2022 | 313 | Rajaee, Omeed | 20 | ASSOCIATE | 1 | 3.20 | 1,280.00 | 400.00 | 3.20 | 1,280.00 | 400.00 | 10000 | Unbilled | Call with Thoits team re: meet and confer letter; legal research in support of meet and confer letter; prepare meet and confer letter. | 2/2023 |
| 12/07/2022 | 153 | Boennighausen, Mark V. | 25 | OF COUNSEL | 1 | 0.60 | 309.00 | 515.00 | 0.60 | 309.00 | 515.00 | 10000 | Unbilled | Confer w/ M. Zonne re; sending of letter to Hedge Act counsel; provide additional minor comments re: same. | 2/2023 |
| 12/07/2022 | 279 | Zonne, Melissa K | 25 | OF COUNSEL | 1 | 0.90 | 427.50 | 475.00 | 0.90 | 427.50 | 475.00 | 10000 | Unbilled | Revise draft letter re: subpoena. Confer re: related strategy. | 2/2023 |
| 12/12/2022 | 153 | Boennighausen, Mark V. | 25 | OF COUNSEL | 1 | 0.30 | 154.50 | 515.00 | 0.30 | 154.50 | 515.00 | 10000 | Unbilled | Communications re: latest subpoena with client. | 2/2023 |
| 12/13/2022 | 153 | Boennighausen, Mark V. | 25 | OF COUNSEL | 1 | 0.40 | 206.00 | 515.00 | 0.40 | 206.00 | 515.00 | 10000 | Unbilled | Communications re: subpoenas and meet and confer re: same. | 2/2023 |
| 12/13/2022 | 279 | Zonne, Melissa K | 25 | OF COUNSEL | 1 | 0.70 | 332.50 | 475.00 | 0.70 | 332.50 | 475.00 | 10000 | Unbilled | Call re: subpoena, underlying lawsuit and discussion with counsel. Review re: same. | 2/2023 |
| 12/14/2022 | 153 | Boennighausen, Mark V. | 25 | OF COUNSEL | 1 | 0.60 | 309.00 | 515.00 | 0.60 | 309.00 | 515.00 | 10000 | Unbilled | Communication with client re: meet and confer; edit draft communication to opposing counsel; call with Tecumseh counsel. | 2/2023 |
| 12/14/2022 | 279 | Zonne, Melissa K | 25 | OF COUNSEL | 1 | 1.60 | 760.00 | 475.00 | 1.60 | 760.00 | 475.00 | 10000 | Unbilled | Review FAC. Call with counsel B. Larsen. Confer re: same. Review affidavit re: service. Draft response. | 2/2023 |
| 12/15/2022 | 153 | Boennighausen, Mark V. | 25 | OF COUNSEL | 1 | 0.40 | 206.00 | 515.00 | 0.40 | 206.00 | 515.00 | 10000 | Unbilled | Communications re: subpoena. | 2/2023 |
| 12/16/2022 | 153 | Boennighausen, Mark V. | 25 | OF COUNSEL | 1 | 1.70 | 875.50 | 515.00 | 1.70 | 875.50 | 515.00 | 10000 | Unbilled | Communications with client re: subpoenas and strategy re: same; communications with opposing counsel; work on motion to quash. | 2/2023 |
| 12/18/2022 | 279 | Zonne, Melissa K | 25 | OF COUNSEL | 1 | 0.30 | 142.50 | 475.00 | 0.30 | 142.50 | 475.00 | 10000 | Unbilled | Attend to subpoena issue. | 2/2023 |
| 12/19/2022 | 153 | Boennighausen, Mark V. | 25 | OF COUNSEL | 1 | 0.80 | 412.00 | 515.00 | 0.80 | 412.00 | 515.00 | 10000 | Unbilled | Work on Motion to Quash. | 2/2023 |
| 12/19/2022 | 279 | Zonne, Melissa K | 25 | OF COUNSEL | 1 | 0.60 | 285.00 | 475.00 | 0.60 | 285.00 | 475.00 | 10000 | Unbilled | Confer re: subpoenas and potential motion to quash. | 2/2023 |
| 12/20/2022 | 153 | Boennighausen, Mark V. | 25 | OF COUNSEL | 1 | 4.90 | 2,523.50 | 515.00 | 4.90 | 2,523.50 | 515.00 | 10000 | Unbilled | Complete drafts of declarations in support of motion to quash; complete draft of motion; communications with client re: strategy and declaration; confer w/ M. Zonne re: revisions and edits to motion. | 2/2023 |
| 12/20/2022 | 279 | Zonne, Melissa K | 25 | OF COUNSEL | 1 | 2.40 | 1,140.00 | 475.00 | 2.40 | 1,140.00 | 475.00 | 10000 | Unbilled | Attend to subpoena issue. | 2/2023 |
| 12/21/2022 | 153 | Boennighausen, Mark V. | 25 | OF COUNSEL | 1 | 2.90 | 1,493.50 | 515.00 | 2.90 | 1,493.50 | 515.00 | 10000 | Unbilled | Assist with finalizing motion to quash, including final edits to declarations in support of motion and revisions to memorandum and notice of motion. | 2/2023 |
| 12/21/2022 | 279 | Zonne, Melissa K | 25 | OF COUNSEL | 1 | 4.50 | 2,137.50 | 475.00 | 4.50 | 2,137.50 | 475.00 | 10000 | Unbilled | Draft and revise motion to quash and for protective order re: HASelect subpoenas. Attend to declarations and exhibits re: same. | 2/2023 |
| 12/22/2022 | 153 | Boennighausen, Mark V. | 25 | OF COUNSEL | 1 | 0.30 | 154.50 | 515.00 | 0.30 | 154.50 | 515.00 | 10000 | Unbilled | Communications with client re: filing of motion to quash. | 2/2023 |
| 12/27/2022 | 153 | Boennighausen, Mark V. | 25 | OF COUNSEL | 1 | 0.30 | 154.50 | 515.00 | 0.30 | 154.50 | 515.00 | 10000 | Unbilled | Review judicial assignment of motion to quash; e-mail to client re; same. | 2/2023 |
| | | | | | | **31.60** | **15,329.00** | | **31.60** | **15,329.00** | | | | | |

# Exhibit F

**Unreleased Webtime Report**

Three Bell Capital, LLC / Hedge Act (209569-002)

| Matter | Timekeeper | Name | SM/Task | Date | Hours | Amount | Status | Narrative |
|---|---|---|---|---|---|---|---|---|
| 002 | 153 | Boennighausen, Mark V. | | 1/1/2023 | 0.30 | 154.50 | | Review e-mail from court re: schedule; e-mail to opposing counsel re: same. |
| 002 | 153 | Boennighausen, Mark V. | | 1/4/2023 | 0.90 | 463.50 | | Initial review of opposition to motion to quash; confer w/ M. Zonne re: response; communication with client re: same. |
| 002 | 279 | Zonne, Melissa K | | 1/4/2023 | 0.90 | 427.50 | | Review opposition to motion to quash. Review case law and draft notes. |
| 002 | 153 | Boennighausen, Mark V. | | 1/5/2023 | 2.10 | 1,081.50 | | Call with client re: opposition and response; assist with drafting declarations in support of reply; confer w/ M. Zonne re: same. |
| 002 | 279 | Zonne, Melissa K | | 1/5/2023 | 5.80 | 2,755.00 | | Review opposition to motion to quash. Review case law. Confer re: same. Review declarations. Draft reply brief and conduct additional research. |
| | 2 | 279 Zonne, Melissa K | | 1/6/2023 | 0.50 | 237.50 | | Review and revise reply. Review correspondence with client and related parties re: same. |
| 002 | 153 | Boennighausen, Mark V. | | 1/6/2023 | 1.80 | 927.00 | | Revisions to draft reply; brief research re:same; communications regarding finalizing declarations in support of reply. |
| 002 | 153 | Boennighausen, Mark V. | | 1/7/2023 | 0.40 | 206.00 | | Additional revisions to reply. |
| 002 | 153 | Boennighausen, Mark V. | | 1/9/2023 | 1.10 | 566.50 | | Final revisions to reply; confer w/ M. Zonne; direct preparation materials for hearing. |
| | 279 | Zonne, Melissa K | | 1/9/2023 | 1.10 | 522.50 | | Review and revise Reply brief for filing. |
| 002 | 153 | Boennighausen, Mark V. | | 1/10/2023 | 0.50 | 257.50 | | Further preparation for hearing; additional research re: potential arguments to be made at hearing. |
| 002 | 279 | Zonne, Melissa K | | 1/10/2023 | 0.70 | 332.50 | | Review outline for oral argument and confer re: same. |
| 002 | 153 | Boennighausen, Mark V. | | 1/11/2023 | 1.20 | 618.00 | | Prepare for and attend motion to quash hearing; provide update to client (including call);' follow-up communications re: same. |
| 002 | 279 | Zonne, Melissa K | | 1/11/2023 | 2.30 | 1,092.50 | | Attend hearing on motion to quash HASelect subpoena. Confer re: strategy for meet/confer ordered by court. Call with client. |
| 002 | 153 | Boennighausen, Mark V. | | 1/12/2023 | 0.90 | 463.50 | | Begin drafting proposed order to submit to court; confer w/ M. Zonne re: communications re: meet and confer; review e-mail from opposing counsel; email response; communications with M. Zonne and client re: same. |
| 002 | 279 | Zonne, Melissa K | | 1/12/2023 | 1.30 | 617.50 | | Confer re: meet/confer strategy and review proposed order. Review correspondence from opposing counsel. |
| 002 | 279 | Zonne, Melissa K | | 1/13/2023 | 1.10 | 522.50 | | Call with J. Hanika re: cost estimate of subpoena scope search. Confer and review re: same. Correspondence with HASelect counsel. Review Proposed Order. |
| 002 | | 279 Zonne, Melissa K | | 1/16/2023 | 3.70 | 1,757.50 | | Review and revise proposed order and declaration with status report, exhibits and fee request. Strategy re: meet/confer with HASelect counsel. Call with B. Larsen. Correspondence and strategy re: same. |
| 002 | | 153 Boennighausen, Mark V. | | 1/16/2023 | 2.10 | 1,081.50 | | Revise Proposed Order. Advise re: meet and confer issues. |
| | | | | | **28.70** | **14,084.50** | | |