# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| **In Re: Three Bell Capital Document Subpoena** | Case No. 5:22-mc-80338-NC |
| Served in related cases: | **[PROPOSED] ORDER** |
| *In re Infinity Capital Management, Inc., U.S. Bankruptcy Court, District of Nevada Case No. 21-14486-abl* | Hearing Date: January 18, 2023<br>Time:          11:30 a.m.<br>Judge:         Nathanael M. Cousins |
| *and adversary proceeding* | |
| *HASelect-Medical Receivables Litigation Finance Fund International SP v. Tecumseh-Infinity Medical Receivables Fund, LP,* Adv. Proc. No. 21-01167-abl | |

# [PROPOSED] ORDER

This matter comes before the Court after Three Bell Capital ("Three Bell") filed a motion under Rule 45 to quash a document subpoena issued out of a Nevada Bankruptcy proceeding: *In re Infinity Capital Management, Inc.*, U.S. Bankruptcy Court, District of Nevada Case No. 21-14486-abl (the "Motion"). The subpoena was executed by counsel for the subpoenaing party, HASelect-Medical Receivables Litigation Finance Fund International SP's ("HASelect"), Bart Larsen of the Nevada firm of Shea Larsen.

The record reflects that in January 2022 Mr. Larsen on behalf of HASelect served a document subpoena directed to Three Bell and personally to the company's CEO, Jon Porter. This subpoena was served after the parent of HASelect threatened litigation against Three Bell and stated it might report a principal of Three Bell to the state bar of Texas because he was communicating with Hedge Act on behalf of Three Bell's clients.

Three Bell attempted to meet and confer over these subpoenas by noting their broad scope and harassing nature in light of the earlier letter threatening litigation. Three Bell's counsel inquired why HASelect could not seek the information from the party it was suing in the Nevada Bankruptcy proceeding, defendant Tecumseh-Infinity Medical Receivables Fund, LP ("Tecumseh"). In March 2022, in addition to requesting more information that would justify the broad nature of the subpoenas served on Three Bell and Mr. Porter, counsel for Three Bell inquired whether HASelect would consider narrowing the scope of the requests so Three Bell could accurately assess the burden that might be imposed on it to search for and produced non-privileged responsive documents.

Three Bell and its counsel heard nothing from HASelect after the March 2022 letter until Three Bell's CEO learned that HASelect was attempting serve new Rule 45 subpoenas, including a deposition subpoena, on Three Bell by personally serving him in December 2022.

After learning of this event, counsel for Three Bell explained in writing to Mr. Larsen that Mr. Porter had not been personally served and was out of town but it nevertheless, like in March, sought an explanation as to why Three Bell needed to be burdened with a subpoena for an action that had nothing to do with it.

Three Bell's counsel also reached out to Tecumseh's Nevada counsel to ask what relevance Three Bell communications could have to that action. Tecumseh's counsel informed Three Bell's counsel that they saw no relevance and that Tecumseh had in fact objected to producing such communications in April 2022. Despite this objection on relevance grounds, HASelect had not moved to compel documents or take a deposition of a Tecumseh witness regarding any communications involving Three Bell.

Prior to the filing of the Motion, HASelect's counsel informed Three Bell's counsel that had it had withdrawn a deposition subpoena it sought to serve on Three Bell and had offered to narrow the request to two categories of documents that still required searching two years' worth of documents and included broad definitions of the documents sought.  HASelect also refused to commit to paying the costs incurred by Three Bell in searching and producing these documents but said it might consider "reasonable costs" based on an estimate given by Three Bell's counsel of $10,000.

On December 21, 2022, Three Bell filed its Motion to Quash that included a request for a protective order to prohibit any more Rule 45 discovery against it.  In the Motion, Three Bell also sought attorney fees incurred pursuant to Rule 45 (d)(1).   With the Motion, Three Bell provided a declaration from the CEO of Three Bell establishing the confidentiality and privacy of the information sough and its lack of internal resources to respond to the subpoena.

In Opposing Three Bell's Motion, HASelect did not stipulate or agree to limit the subpoena at issue to the two requests it earlier offered and instead

1 indicated it sought to enforce all 19 categories of documents. It did not explain
2 why it had not pursued the information through a motion to compel against
3 Tecumseh or through depositions of Tecumseh witnesses.
4     In reply, Three Bell argued that there was still no proper service of a
5 subpoena because no witness fees had been tendered at the time of service on a
6 Three Bell officer. Three Bell also provided a declaration from an eDiscovery
7 vendor that it would cost between $197,000 and $389,000 to search for and
8 produce the documents called from in the subpoena, not including attorney fees
9 already incurred by Three Bell in responding.
10     On January 11, 2023, the Court held a hearing and asked the parties to
11 further meet and confer to see if they could reach a resolution. In doing so, it
12 told counsel for HASelect to provide specific and particular document requests
13 that it claimed it really needed. The Court then asked the parties to submit a
14 joint status report on January 17, 2023 and competing proposed orders on the
15 relief they sought if they could not reach a resolution.
16     The parties could not reach a resolution through further meet and confer.
17     In ruling on this Motion, the Court is mindful, as the Ninth Circuit has
18 stated, "the word 'non-party' serves as a constant reminder of the reasons for
19 the limitations that characterize 'third-party' discovery." *Dart Indus. Co. v.*
20 *Westwood Chem. Co.,* 649F.2d 646, 649 (9th Cir.1980) (citations omitted).
21 Thus, a court determining the propriety of a subpoena balances the relevance of
22 the discovery sought, the requesting party's need, and the potential hardship to
23 the party subject to the subpoena. See *Heat & Control, Inc. v. Hester Indus.,*
24 *Inc.*, 785 F.2d 1017, 1022 (1986 Fed. Cir.).
25     Initially, Three Bell is correct. The failure to tender witness fees with a
26 Rule 45 subpoena renderers it ineffective. See; *BNSF Ry. Co. v. Alere, Inc.*,
27 No. 18-CV-291-BEN-WVG, 2018 WL 2267144, at *6 (S.D. Cal. May 17,
28 2018) ("It is well settled that a witness fee must be tendered concurrently with

the service of a subpoena."); see also CF *& I Steel Corp. v. Mitsui & Co. (U.S.A.), Inc.*, 713 F.2d 494 (9th Cir. 1983) Therefore, the subpoena is quashed on failure to properly serve the subpoena. But even if HASelect did properly serve the subpoena in the future, the Court finds on this record that the subpoena should be quashed in its entirety and a protective order granted stopping further attempts at discovery for the following reasons.

     First, the 19 category requests are overbroad on their face as by their definitions they seek every potential piece of information whether in electronic or paper form over a four year period involving a host of entities and demand that this search for information included every Three Bell employee, agent or representative. Especially as against a non-party, these requests are overbroad and burdensome on their face and do not comply with the reasonable particularity requirement of document requests. *See Moon v. SCP Pool Corp.*, 232 F.R.D. 633 (C.D. CA 2005) (quashing subpoena in part because requests overbroad on their face). Second, HASelect failed to demonstrate the purported relevance of each of the 19 broadly-worded requests. *Miller v. Ghirardelli Chocolate Co.*, 2013 WL 6774072, at *2 (N.D. Cal. Dec. 20, 2013)

     HASelect also did not seek the same information from Tecumseh, a party to the action, prior to burdening Three Bell.  Specifically, while HASelect sought all communications involving Three Bell through a document request to Tecumseh, in April 2022, it did not bring a motion to compel for that information or depose any Tecumseh witness about any such alleged communications.  This failure to pursue discovery against the party instead of burdening a non-party is further grounds to quash the subpoena. See *Glass Egg Digital Media v. Gameloft, Inc.*, No. 17-cv-04165-MMC-RMI, 2019 WL 4166780, at *5 (N.D. Cal. Sept. 3, 2019); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are in possession of the party

defendant."); *Shoen v. Shoen*, 5 F.3d 1289, 1296 (9th Cir. 1993) (reversing order compelling compliance against non-party); see also *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 412 (C.D. Cal. 2014) (quashing competitor's deposition subpoena, finding that the litigant failed to establish testimony is essential, and that the burden on witness (including preparation time) in complying with the subpoena would be too great.).

Under Rule 45 (d)(1), this Court has a "duty to enforce and impose an appropriate sanction" when "a party or an attorney responsible for issuing and serving a subpoena" fails to "take reasonable steps to avoid imposing undue burden or expense" on a non-party subject to a subpoena. Here, the Court finds that such a sanction is appropriate. See *Glass Egg Digital Media v. Gameloft, Inc.*, 2020 WL 906714 (N.D CA 2020) (awarding sanctions for successful motion to quash under Rule 45).

The record reflects that in January 2022 counsel for HASelect was aware that this non-party discovery was being threatened against Three Bell as part of a litigation threat. In March 2022, HASelect counsel failed to offer any reduced document requests in an effort to avoid imposing an undue burden on Three Bell. In April 2022, HASelect and its counsel failed to establish the necessary need for burdening Three Bell with discovery by taking depositions of Tecumseh witnesses or pursuing the documents via a motion to compel. Instead, without contacting Three Bell counsel and re-engaging in meet confer, HASelect issued new subpoenas and then only dropped the deposition subpoena and agreed to narrow the requests after Three Bell stated it would bring a motion to quash.

Three Bell has submitted a declaration that it has incurred $29,413.50 in responding to the subpoenas HASelect and its counsel had sought to serve

1 starting in November 2022.  Three Bell has not sought fees related to the
2 January 2022 subpoenas.
3 THEREFORE,
4     After reviewing the submission, the Court awards $29,413.50 as Rule 45
5 sanctions jointly payable by both HASelect and its counsel of record in this
6 matter.
7     Three Bell's Motion to Quash and for Protective Order barring further
8 attempts by HASelect to obtain Rule 45 discovery from Three Bell is
9 GRANTED.

11 IT IS SO ORDERED.

13 Dated: _____     _____
14                                                         Hon. Nathanael M. Cousins