1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION**

| | |
|---|---|
| **In Re: Three Bell Capital Document Subpoena**<br><br>Served in related cases:<br><br>*In re Infinity Capital Management, Inc., U.S. Bankruptcy Court, District of Nevada Case No. 21-14486-abl*<br><br>*and adversary proceeding*<br><br>*HASelect-Medical Receivables Litigation Finance Fund International SP v. Tecumseh-Infinity Medical Receivables Fund, LP, Adv. Proc. No. 21-01167-abl* | Case No.  22-mc-80338-NC<br><br>**ORDER GRANTING MOTION TO QUASH SUBPOENA AND IMPOSING SANCTION UNDER RULE 45**<br><br>Re: ECF 1 |

1

**<u>ORDER</u>**

2    The discovery motion before the court is a straightforward application of

3 Federal Rule of Civil Procedure 45(d)(1).  That rule serves to protect persons

4 subject to subpoena by mandating that the party or attorney responsible for

5 issuing and serving the subpoena "must take reasonable steps to avoid imposing

6 undue burden or expense on a person subject to the subpoena."  The rule

7 requires that the court where compliance is required "must enforce this duty and

8 impose an appropriate sanction" on a party or attorney who fails to comply.

9 Fed. R. Civ. P 45(d)(1).

10    Here, Three Bell Capital ("Three Bell") filed a motion in this court under

11 Rule 45 to quash a document subpoena issued out of a Nevada Bankruptcy

12 proceeding:  *In re Infinity Capital Management, Inc*., U.S. Bankruptcy Court,

13 District of Nevada Case No. 21-14486-abl (the "Motion").  The subpoena was

14 executed by counsel for the subpoenaing party, HASelect-Medical Receivables

15 Litigation Finance Fund International SP's ("HASelect"), Bart Larsen of the

16 Nevada firm of Shea Larsen.

17    The record reflects that in January 2022 Mr. Larsen on behalf of

18 HASelect served a document subpoena directed to Three Bell and personally to

19 the company's CEO, Jon Porter.  This subpoena was served after the parent of

20 HASelect threatened litigation against Three Bell and stated it might report a

21 principal of Three Bell to the state bar of Texas because he was communicating

22 with Hedge Act on behalf of Three Bell's clients.

23    Three Bell attempted to meet and confer over these subpoenas by noting

24 their broad scope and harassing nature in light of the earlier letter threatening

25 litigation.  Three Bell's counsel inquired why HASelect could not seek the

26 information from the party it was suing in the Nevada Bankruptcy proceeding,

27 defendant Tecumseh-Infinity Medical Receivables Fund, LP ("Tecumseh").  In

28 March 2022, in addition to requesting more information that would justify the

1

broad nature of the subpoenas served on Three Bell and Mr. Porter, counsel for Three Bell inquired whether HASelect would consider narrowing the scope of the requests so Three Bell could accurately assess the burden that might be imposed on it to search for and produced non-privileged responsive documents.

Three Bell and its counsel heard nothing from HASelect after the March 2022 letter until Three Bell's CEO learned that HASelect was attempting to serve new Rule 45 subpoenas, including a deposition subpoena, on Three Bell by personally serving him in December 2022.

After learning of this event, counsel for Three Bell explained in writing to Mr. Larsen that Mr. Porter had not been personally served and was out of town but it nevertheless, like in March, sought an explanation as to why Three Bell needed to be burdened with a subpoena for an action that had nothing to do with it.

Three Bell's counsel also reached out to Tecumseh's Nevada counsel to ask what relevance Three Bell communications could have to that action. Tecumseh's counsel informed Three Bell's counsel that they saw no relevance and that Tecumseh had in fact objected to producing such communications in April 2022. Despite this objection on relevance grounds, HASelect had not moved to compel documents or take a deposition of a Tecumseh witness regarding any communications involving Three Bell.

Prior to the filing of the Motion, HASelect's counsel informed Three Bell's counsel that had it had withdrawn a deposition subpoena it sought to serve on Three Bell and had offered to narrow the request to two categories of documents that still required searching two years' worth of documents and included broad definitions of the documents sought. HASelect also refused to commit to paying the costs incurred by Three Bell in searching and producing these documents but said it might consider "reasonable costs" based on an estimate given by Three Bell's counsel of $10,000.

1   On December 21, 2022, Three Bell filed its Motion to Quash that
2   included a request for a protective order to prohibit any more Rule 45 discovery
3   against it.  ECF 1.  In the Motion, Three Bell also sought attorney fees incurred
4   pursuant to Rule 45(d)(1).   With the Motion, Three Bell provided a declaration
5   from the CEO of Three Bell establishing the confidentiality and privacy of the
6   information sough and its lack of internal resources to respond to the subpoena.
7       In Opposing Three Bell's Motion, HASelect did not stipulate or agree to
8   limit the subpoena at issue to the two requests it earlier offered and instead
9   indicated it sought to enforce all 19 categories of documents.  It did not explain
10  why it had not pursued the information through a motion to compel against
11  Tecumseh or through depositions of Tecumseh witnesses.
12      In reply, Three Bell argued that there was still no proper service of a
13  subpoena because no witness fees had been tendered at the time of service on a
14  Three Bell officer.  Three Bell also provided a declaration from an eDiscovery
15  vendor that it would cost between $197,000 and $389,000 to search for and
16  produce the documents called from in the subpoena, not including attorney fees
17  already incurred by Three Bell in responding.
18      On January 11, 2023, the Court held a hearing and asked the parties to
19  further meet and confer to see if they could reach a resolution.  ECF 12.  In
20  doing so, it told counsel for HASelect to provide specific and particular
21  document requests that it claimed it really needed.  The Court then asked the
22  parties to submit a joint status report on January 17, 2023 and competing
23  proposed orders on the relief they sought if they could not reach a resolution.
24      The parties could not reach a resolution through further meet and confer.
25  ECF 15 (post-hearing status report).  Three Bell filed a proposed order in
26  support of its motion to quash.  ECF 14-1.
27       In ruling on Three Bell's Motion to Quash, the Court is mindful, as the
28  Ninth Circuit has stated, "the word 'non-party' serves as a constant reminder of

3

the reasons for the limitations that characterize 'third-party' discovery." *Dart*

*Indus. Co. v. Westwood Chem. Co.*, 649F.2d 646, 649 (9th Cir.1980) (citations

omitted). Thus, a court determining the propriety of a subpoena balances the

relevance of the discovery sought, the requesting party's need, and the potential

hardship to the party subject to the subpoena. *See Heat & Control, Inc. v.*

*Hester Indus., Inc*., 785 F.2d 1017, 1022 (1986 Fed. Cir.).

   The Court quashes the subpoena to Three Bell for three reasons.

   *First*, the subpoena to Three Bell is unreasonable because HASelect did

not seek the same information from Tecumseh, a party to the action, prior to

burdening Three Bell.  Specifically, while HASelect sought all communications

involving Three Bell through a document request to Tecumseh, in April 2022, it

did not bring a motion to compel for that information or depose any Tecumseh

witness about any such alleged communications.  This failure to pursue

discovery against the party instead of burdening a non-party is grounds to quash

the subpoena. *See Glass Egg Digital Media v. Gameloft, Inc*., No. 17-cv-04165-

MMC-RMI, 2019 WL 4166780, at *5 (N.D. Cal. Sept. 3, 2019); *Nidec Corp. v.*

*Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no

reason to burden nonparties when the documents sought are in possession of the

party defendant."); *Shoen v. Shoen*, 5 F.3d 1289, 1296 (9th Cir. 1993)

(reversing order compelling compliance against non-party); *see also Amini*

*Innovation Corp. v. McFerran Home Furnishings, Inc*., 300 F.R.D. 406, 412

(C.D. Cal. 2014) (quashing competitor's deposition subpoena, finding that the

litigant failed to establish testimony is essential, and that the burden on witness

(including preparation time) in complying with the subpoena would be too

great.).

   *Second*, the 19 category requests are overly broad and unreasonable on

their face.  By their definitions they seek every potential piece of information

whether in electronic or paper form over a four-year period and demand that

this search for information included every Three Bell employee, agent or representative. Especially as against a non-party, these requests are burdensome and do not comply with the reasonable particularity requirement of document requests. *See Moon v. SCP Pool Corp.*, 232 F.R.D. 633 (C.D. CA 2005) (quashing subpoena in part because requests overbroad on their face). HASelect failed to demonstrate the relevance and proportionality of each of the 19 broadly-worded requests. *Miller v. Ghirardelli Chocolate Co.*, 2013 WL 6774072, at *2 (N.D. Cal. Dec. 20, 2013).

*Third*, the Court finds that HASelect behaved unreasonably by failing to amend its requests after Three Bell and then the Court suggested compromise. HASelect doubled down when it should have settled.

Three Bell's motion to quash is therefore granted.[1] The Court strikes the subpoena.

Under Rule 45 (d)(1), this Court has a "duty to enforce and impose an appropriate sanction" when "a party or an attorney responsible for issuing and serving a subpoena" fails to "take reasonable steps to avoid imposing undue burden or expense" on a non-party subject to a subpoena. Here, the Court finds that such a sanction is appropriate. *See Glass Egg Digital Media v. Gameloft, Inc.*, 2020 WL 906714 (N.D CA 2020) (awarding sanctions for successful motion to quash under Rule 45).

The record reflects that in January 2022 counsel for HASelect was aware that this non-party discovery was being threatened against Three Bell as part of a litigation threat. In March 2022, HASelect counsel failed to offer any reduced document requests in an effort to avoid imposing an undue burden on Three Bell. In April 2022, HASelect and its counsel failed to establish the necessary

---

[1] This order does not reach another issue raised by Three Bell: the alleged failure to tender a witness fee with the subpoena.

need for burdening Three Bell with discovery by taking depositions of Tecumseh witnesses or pursuing the documents via a motion to compel. Instead, without contacting Three Bell counsel and re-engaging in meet confer, HASelect issued new subpoenas and then only dropped the deposition subpoena and agreed to narrow the requests after Three Bell stated it would bring a motion to quash.

Three Bell has submitted a declaration that it has incurred $29,413.50 responding to the subpoenas HASelect and its counsel had sought to serve starting in November 2022. ECF 14. Three Bell has not sought fees related to the January 2022 subpoenas. The Court finds the rates and time spent to be reasonable. After reviewing the submission, the Court awards $29,413.50 as Rule 45 sanctions jointly payable by both HASelect and its counsel of record in this matter. The sanction must be paid by April 7, 2023, and a notice filed indicating that payment is complete.

Any party may object to this order within 14 days under Federal Rule of Civil Procedure 72. Pursuant to Northern District of California General Order 44(E)(3), the objection would go to the general duty judge on the date the miscellaneous action was filed. The general duty judge on December 21, 2022 (the date this action was filed) was Senior District Court Judge Susan Illston.

Unless there is an objection to Judge Illston, this miscellaneous discovery matter is now closed. The Court retains jurisdiction to enforce the discovery sanction imposed.

**IT IS SO ORDERED.**

Dated: March 28, 2023

Hon. Nathanael M. Cousins